706 So.2d 656 (1998)
Deborah CHAPMAN
v.
DEPARTMENT OF POLICE.
No. 97-CA-1384.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1998.
Rehearing Denied February 27, 1998.
*657 R. Paul Tuttle, New Orleans Legal Assistance Corporation, New Orleans, for Appellee.
Avis Marie Russell, City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Annabelle H. Walker, Deputy City Attorney, New Orleans, for Appellant Department of Police.
Before SCHOTT, C.J., and KLEES and CIACCIO, JJ.
SCHOTT, Chief Judge.
This appeal by the New Orleans Police Department (NOPD) is from a decision of the Civil Service Commission of the City of New Orleans upholding the action of NOPD in imposing a disciplinary suspension upon Police Dispatcher Deborah Chapman, but reducing the length of the suspension from thirty to ten days. NOPD seeks reinstatement of the original suspension period of thirty days.
On September 30, 1995, while she was on duty as a 911 telephone call dispatcher, Chapman received a personal phone call from her daughter. Chapman asked her supervisor, Sergeant Jacklean Davis, if she could accept the call which she acknowledged was not an emergency. Sgt. Davis reminded her of the department policy that, unless an emergency existed, personal calls could not be accepted while on duty. Sgt. Davis stated that she would take the message and Chapman could return the call during her break.
Noticing that the line was still occupied after hanging up the phone, Sgt. Davis picked up the line and overheard Chapman speaking to her daughter. Sgt. Davis left her station at the control desk, and proceeded to the area where Chapman was working. Sgt. Davis quietly informed Chapman that she did not appreciate her disobeying her orders. Chapman responded that she would accept any call from her daughter. Sgt. Davis stated that it doesn't work that way and she walked away. Chapman stood up and "yelled" that she would do what she wanted and would accept all phone calls from her children.
Sgt. Davis then removed Ms. Chapman from her station and met with her in private to discuss the incident. She informed Chapman that she was removing her for the rest of the work period. Sgt. Davis initiated a disciplinary citation against Ms. Chapman for being discourteous to her supervisor, disobeying orders and acting unprofessionally. Sgt. Davis forwarded the citation to her captain, who transferred it to Officer Thomas O'Shaunessey for investigation. O'Shaunessey found that Chapman had violated departmental policy by disobeying orders and acting unprofessionally, however, he did not sustain the discourtesy violation.
Following a disciplinary hearing, Chief Duane Johnson upheld all the citations including the discourtesy violation. He recommended to the Superintendent a ten-day suspension for each violation, totalling a thirty-day *658 suspension, which the Superintendent imposed. Chapman appealed her suspension to the Civil Service Commission, which reduced the suspension to ten days.
The Civil Service Commission has the authority to "hear and decide" disciplinary cases, which includes the authority to modify a penalty. La. Const. art. 10 section 12, Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978), writ denied 365 So.2d 247 (La.1978). However, the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Id. at 1222. Thus, in the instant case, unless the Commission determined that there was insufficient cause for the appointing authority to impose a 30-day suspension, the penalty must stand.
The appointing authority is charged with the operation of his department and it is within his discretion to discipline an employee for sufficient cause. Joseph v. Department of Health, 389 So.2d 739, 741 (La. App. 4th Cir.1980); Branighan, supra. The Civil Service Commission is not charged with such operation or such disciplining. Id. In James v. Sewerage and Water Bd., 505 So.2d 119 (La.App. 4 Cir.1987) this court considered a decision of the Civil Service Commission which reversed a five-day suspension of an employee and suggested a reprimand instead. In reversing the Commission and reinstating the suspension the court reaffirmed and reiterated the holdings in Joseph and Branighan with the following language:
"It is not the job of the Commission to decide who should be disciplined how. The appointing authority is charged with the operation of his department. He is the one who must run the department, an obviously necessary part of which is dismissing or disciplining employees. While he may not do so without cause, he may, and indeed must, within the exercise of sound discretion, dismiss or discipline an employee for sufficient cause. The Commission is not charged with such operation or such disciplining."
In the present case the Commission concluded that Chapman violated departmental regulations. However, it expressed its belief that the thirty-day suspension was "too harsh" and that a ten-day suspension was more appropriate under the circumstances. As in the cases cited above the Commission's action was simply a substitution of its judgment for the Superintendent's. There was no finding that the Superintendent lacked sufficient cause to impose the penalty or that NOPD failed to carry its burden of proof. It was nothing short of an arbitrary and capricious interference with the authority of the Superintendent to manage his department.
Accordingly, the action of the Civil Service Commission is reversed and the thirty (30) day suspension imposed by the appointing authority is reinstated.
REVERSED.