706 So.2d 658 (1998)
Karl PALMER
v.
DEPARTMENT OF POLICE.
No. 97-CA-1593.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1998.
*659 Frank G. DeSalvo, Frank G. DeSalvo, P.L.C., New Orleans, for Appellee.
Avis Marie Russell, City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Joseph V. DiRosa, Jr., Deputy City Attorney, New Orleans, for Appellant Department of Police.
Before SCHOTT, C.J., and KLEES and CIACCIO, JJ.
SCHOTT, Chief Judge.
This is an appeal by the New Orleans Police Department (NOPD) from a decision of the Civil Service Commission of the City of New Orleans reversing a two day suspension imposed on police officer Karl Palmer for misconduct.
The facts are not in dispute. While Officer Palmer was working a detail at Cohen High School, he arrested a juvenile student for theft of bus tokens and lunch passes worth approximately six dollars. He stayed with the juvenile for two hours while waiting for jail transport. Meanwhile, the hysterical mother of a runaway who was in school that day approached Officer Palmer and requested that he speak to her daughter. Officer Palmer did not agree to see the girl until the school principal agreed to watch the prisoner. Meanwhile, the principal was called away to break up a fight and the prisoner escaped. The escapee was returned to the custody of the principal by his grandmother.
The officer ordered to investigate this matter recommended that Palmer be exonerated. The Appointing Authority disagreed and suspended Palmer for two days. Palmer appealed to the Commission. In considering whether Palmer's actions impaired the efficient operation of the public service the Commission reasoned that it "must take into account the mitigating circumstances surrounding this .... untenable situation." The Commission concluded that Palmer's actions "were taken in good faith, and (could not) be interpreted as an offense to the efficient operation of the public service..... Mitigating circumstances existed in this case which make it unique."
In this court NOPD argues that the Commission simply substituted its judgment as to the appropriate sanction, that it gave no articulated basis for its action, and that its action was arbitrary, and capricious, and abusive of its authority.
The standard of appellate review in civil service cases requires a determination of whether the Commission's findings are arbitrary and capricious. In order to modify the disciplinary action of the Appointing Authority, the Commission must find that there was insufficient legal cause for the action taken. Legal cause for the disciplinary action exists if the facts found by the Commission disclose that the conduct of the employee impaired the efficiency of the public service. Reboul v. Department of Police, 420 So.2d 491, 494 (La.App. 4th Cir.1982).
In this case, Palmer's actions clearly impaired efficient operation of the public service. A prisoner in his custody escaped because he did not follow police procedure. As we interpret the Commission's decision, there was no definite conclusion that Palmer's actions did not impair the efficient operation of the service, but that mitigating circumstances served to counter balance Palmer's improper conduct. Palmer's behavior *660 either did or did not impair the efficiency of public service despite mitigating circumstances. In this case his conduct did. Consequently, the Commission's action was an opinion that a two day suspension was inappropriate, and a substitution of its judgment for the Appointing Authority's. For the reasons assigned this day in Chapman v. Dept. of Police, 706 So.2d 656 (La.App. 4 Cir. 1998) we conclude that the Commission's action in the present case was erroneous.
Accordingly, the judgment of the Civil Service Commission is reversed and the two day suspension imposed upon Karl Palmer by the Appointing Authority is reinstated.
REVERSED AND RENDERED.