718 So.2d 1021 (1998)
Michael MACELLI
v.
DEPARTMENT OF POLICE.
No. 98-CA-0253.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1998.
*1022 Joseph V. Dirosa, Jr., Deputy City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Avis Marie Russell, City Attorney, New Orleans, for Defendant-Appellant Department of Police.
Before KLEES, LOBRANO and LANDRIEU, JJ.
KLEES, Judge.
This is an appeal by the New Orleans Police Department from a ruling of the Civil Service Commission reversing a 30-day suspension imposed on police officer Michael Macelli for failing to confiscate evidence and modifying a ten-day suspension to a letter of reprimand for failing to file an adequate report. We find the Commission's actions to be arbitrary or capricious, and we therefore reverse the Commission's decision.

FACTS
The disciplinary action imposed in this case arises from two separate incidents involving Officer Macelli. The facts of these incidents are not in dispute. On November 25, 1995 at approximately 2:00 a.m., Officer Macelli responded to a call at 525 Bourbon Street where Ms. Shanda Johnson was accusing the employees of the establishment of stealing one thousand dollars in cash from her. Johnson was refusing to leave the establishment until she located her money, and she was uncooperative and hostile. As a result, Officer Macelli called for back up. Officer Macelli offered to prepare a report regarding the theft, but Ms. Johnson refused.
After the additional police officers arrived at the scene, Ms. Johnson was placed under arrest for public drunkeness and trespass. Officer Macelli filed a police report concerning Ms. Johnson's arrest, but he failed to file a report regarding the alleged theft of Ms. Johnson's money. Ms. Johnson later discovered that she had misplaced the money herself and that there was in fact no theft.
On April 1, 1996, Officer Macelli investigated a theft at the Westin Hotel. While at the hotel, Officer Macelli learned of the video taping of the burglary by the hotel's surveillance cameras. Officer Macelli viewed the tape, but he concluded it had no evidentiary value, because of its extremely poor quality, and decided not to confiscate the tape from the hotel. However, Officer Macelli prepared a report of the incident, referring to the tape and its lack of evidentiary value. The tape was retrieved from the hotel by the police department the following day.
*1023 Following an administrative investigation of these incidents by the police department, it was recommended to the Superintendent of Police that the charges of neglect of duty against Officer Macelli be sustained based on his failure to write a report in the first instance and for his failure to confiscate evidence in the second instance. By letter dated September 26, 1996, the Superintendent informed Officer Macelli that the charges were sustained and imposed a 40-day suspension as a penalty for these violations (tenday suspension for the first violation and a 30-day suspension for the second violation).
Officer Macelli appealed from this disciplinary action. Following a hearing, the Civil Service Commission reversed the thirty-day suspension and reduced the ten-day suspension to a strong reprimand. This appeal follows.

APPLICABLE LAW
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action except for cause expressed in writing. La. Const. art. X, § 8(A). An employee may appeal disciplinary action taken against him to the Civil Service Commission. Id.; La Rev. Stat. Ann. § 33:2424. On appeal, the Civil Service Commission has a duty to decide if the appointing authority had good or lawful cause for taking the disciplinary action, and, if so, whether the punishment is commensurate with the offense. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984). The appointing authority has the burden of proving by a preponderance of the evidence not only that the complained-of conduct occurred, but that it impaired the efficient operation of the governmental entity. Barquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4th Cir.1993).

STANDARD OF REVIEW
The standard of appellate review in civil service cases requires a determination of whether the Commission's findings are arbitrary or capricious. In order to modify the disciplinary action of the Appointing Authority, the Commission must find that there was insufficient legal cause for the action taken. Legal cause for the disciplinary action exists if the facts found by the Commission disclose that the conduct of the employee impaired the efficiency of the public service. Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, 659, citing Reboul v. Department of Police, 420 So.2d 491, 494 (La.App. 4th Cir.1982).

DISCUSSION
In the present case, the Commission concluded that the police department did not meet its burden of proving that it had sufficient cause for the action taken against Officer Macelli. On appeal, the police department contends that the Commission acted arbitrarily and capriciously in reversing and modifying the disciplinary actions imposed on this police officer.
With regard to the ten-day suspension imposed on Officer Macelli, the record indicates that charges were initially brought against him by Sergeant Debra Coffee, who was Officer Macelli's supervisor on the night of November 25, 1995. The matter was investigated by Sergeant Melvin Gilbert who interviewed the parties involved and recommended to the Superintendent that the charge of neglect of duty for failing to file reports should be sustained. At the hearing of this matter, Officer Macelli testified that he offered to prepare a report for the subject who stated she had been robbed, but the woman was drunk and uncooperative, and stated she did not want a report. Officer Macelli stated that he was instructed by Sgt. Coffee to arrest Ms. Johnson based on her behavior, and he prepared a report and affidavits regarding this arrest. However, Officer Macelli stated that although he was aware that it was necessary to file a report for the theft of $1,000.00, he did not prepare a separate report of the allegations of theft because the alleged victim refused to cooperate with the preparation of the report. Although the record indicates that Ms. Johnson found the money in her coat pocket several days after this incident, Officer Macelli was unaware at the time of the incident that the allegations of theft would not be pursued.
*1024 Chief Mitchell Dusset testified at the hearing regarding these charges. Chief Dusset testified that the failure of an officer to write a report would cause the investigation of an incident to be incomplete. He stated that without a report, the police department would be hampered in its ability to apprehend suspects or to recover missing property.
With regard to the second incident, the record indicates that Officer Macelli investigated a reported theft of a bag from a counter located inside the Westin Hotel. The investigation determined that there was no witness to the alleged theft and that the bag had been placed down on a counter and was later discovered missing. There was, however, a videotape which showed the perpetrator removing the bag from the counter. Officer Macelli viewed this tape during his investigation of the incident, but he declined to confiscate the tape because it was of very poor quality and failed to show the face or other defining characteristics of the perpetrator. Officer Macelli's immediate supervisor returned to the hotel the day after the incident to recover the tape, and she confirmed Officer Macelli's determination that the tape was of no evidentiary value because it failed to distinguish the perpetrator. Further, the assistant platoon commander concurred in Officer Macelli's decision not to confiscate the tape.
However, at the hearing of this matter, Lieutenant Chris Pelleteri, the platoon commander, testified that he overrode these supervisors on this issue and pursued charges against Officer Macelli. Lt. Pelleteri stated he considered the tape to be evidence of the crime which should have been seized despite the personal determination of the investigating officer. Although the Commission stated in its asons that Lt. Pelleteri gave no response for the value of collecting this tape, Lt. Pelleteri testified as follows:
Overall, the reason I felt that the tape was evidence, should be collected as evidence, it does show that there was a crime committed, someone did take a bag. The main thing I was concerned about was that if the police did, in fact, make an arrest on the case, the defense attorney could use this against the state by saying that there was a tape and the police did not take the tape, and he could say the tape would clearly exonerate my client.
In addition, Chief Mitchell Dusset testified at the hearing that an officer does not have the responsibility of determining the evidentiary value of a surveillance tape of a crime scene. Officer Dusset stated that the tape would be part of the evidence of the case, and the officer had a duty to confiscate the tape.
With regard to the penalties imposed in this case, Chief Dusset testified that in setting the penalities, he consulted with the penalty schedule which eventually became a part of departmental policy, and imposed a mid-range penalty on Officer Macelli for these two violations. Chief Dusset testified that these were not the first two charges brought against Officer Macelli, and that he had previously reviewed several charges against Officer Macelli for which disciplinary action was imposed. In fact, the record indicates that Officer Macelli was suspended on other grounds on three occasions between 1993 and 1996.
This Court has recently stated that in reviewing disciplinary action imposed on police officers, the Civil Service Commission may not substitute its judgment for that of the Superintendent of Police. Chapman v. Department of Police, 97-1384 (La.App. 4 Cir. 1/28/98), 706 So.2d 656, 658, writ denied, 98-0828 (La.5/8/98), 719 So.2d 55 Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, 680. The basis for this determination is that the appointing authority is charged with the operation of his department, and it is within his discretion to discipline an employee for sufficient cause. Although the Civil Service Commission has the authority to modify a penalty imposed, the modification may only be exercised where there is insufficient cause for imposing the penalty. Chapman, 706 So.2d at 658.
In the present case, the appointing authority met its burden of proving it had sufficient cause for the disciplinary action in this case. It is undeniable that the failure to write a *1025 report and the failure to confiscate evidence may be considered a violation of departmental rules or neglect of duty and could impair the efficient operation of any governmental agency in the manner described by the police department.
The Commission acknowledges in its reasons for judgment that the first violation was based on failure to write a report for allegations of a theft of one thousand dollars, which would be considered a felony. Further, the Commission notes that the money was not discovered until days after the allegations were made, and that as a veteran police officer, Officer Macelli should have known he had a responsibility to file a report of this incident. Nevertheless, the Commission determined that the law demanded that the penalty of a ten-day suspension be modified to a strong letter of reprimand.
With regard to the second violation, the Commission erroneously stated that Lt. Pelleteri failed to respond when questioned about the harm done by the failure to confiscate the tape. As testified by Lt. Pelleteri at trial, the failure to obtain evidence in a case such as this could certainly impede the investigation and impair the efficient operation of the police department if the failure to produce the tape was used as a defense strategy at a trial of the matter.
Under the circumstances presented here, we conclude that the Commission's determination to modify and reverse the two suspensions imposed on Officer Macelli was arbitrary and capricious. Although the record indicates the police department met its burden of showing sufficient cause for the imposition of the penalty, the Commission substituted its judgment for that of the appointing authority in determining that the impositions of the suspensions were unwarranted. The record supports a finding that the penalty imposed was commensurate with the infraction and on the police officer's previous work history, and the penalty was based on a penalty schedule established by the police department. We conclude that the decision of the Commission reversing and modifying the penalty in this case clearly interferes with the authority of the Superintendent to manage his department.
Accordingly, the action of the Civil Service Commission is reversed and the ten-day suspension and the thirty-day suspension imposed by the appointing authority are reinstated.
REVERSED.