1, CIACCIO, Judge Pro Tem.,
dissenting with reasons.
The standard of appellate review in civil service cases requires a determination of whether the Commission’s findings are arbitrary or capricious. In order to modify the disciplinary action of the Appointing Authority, the Commission must find that there was insufficient legal cause for the action taken. Legal cause for the disciplinary action exists if the facts found by the Commission disclose that the conduct of the employee impaired the efficiency of the public service. Macelli v. Department of Police, 98-0253 (La.App. 4 Cir. 9/9/98), 718 So.2d 1021.
The court in Chapman v. Department of Police, 97-1384 (La.App. 4 Cir. 1/28/98), 706 So.2d 656 stated that “the Civil Service Commission has the authority to “hear and decide” disciplinary cases, which includes the authority to modify a penalty. However, the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Thus, in the instant case, unless the Commission determined that there was insufficient cause for the appointing authority to impose a 30-day suspension, the penalty must stand.” Chapman at p. 658. In Chapman, the court reversed the Commission’s ruling which had reduced Chapman’s penalty. The court provided the following rationale:
[2In the present case the Commission concluded that Chapman violated departmental regulations. However, it expressed its belief that the thirty-day suspension was “too harsh” and that a ten-day suspension was more appropriate under the circumstances. As in the cases cited above the Commission’s action was simply a substitution of its judgment for the Superintendent’s. There was no finding that the Superintendent lacked sufficient cause to impose the penalty or that NOPD failed to carry its burden of proof. It was nothing short of an arbitrary and capricious interference with the authority of the Superintendent to manage his department.
Chapman at p. 658.
The complaining witness positively identified Collier as the Sewerage and Water Board employee that she had observed urinating in public. Collier denied that he had engaged in that conduct. If the Commission believed Collier, his suspension should have been vacated. However, the Commission found that Collier was correctly identified and had engaged in inappropriate conduct, but then substituted its judgment for that of the appointing authority, despite the fact that Collier had a previous three day suspension.
The Civil Service Commission only has the authority to modify a penalty where there is insufficient cause for imposing the penalty. Macelli, supra at p. 1024. Based on the limitations of the Commission’s authority and this court’s standard of review, I find that the Civil Service Commission’s modification of Collier’s suspension was arbitrary and capricious. Accordingly, I would reverse the action of the Civil Service Commission and reinstate the thirty (30) day suspension imposed on Collier by the appointing authority.