| ARMSTRONG, J.,
concurring with reasons.
I respectfully concur with the result reached. Under numerous prior decisions of this court, it is well established that the Commission may not reduce a disciplinary penalty simply because it has a view different than that of the hiring authority as to the appropriate penalty. The Commission may reduce a penalty but only if there is insufficient cause for imposing the greater penalty. E.g., Chapman v. Dept. of Police, 97-1384 (La.App. 4 Cir 1/28/98), 706 So.2d 656, writ denied, 98-0828 (La.5/8/98), 719 So.2d 55; Branighan. It is the hiring authority, in this case the Department of Public Works, and not the Commission, which has the primary responsibility for disciplining employees. E.g. Joseph v. Dept. of Health, 389 So.2d 739 (La.App. *981 4th Cir.1980); James v. Sewerage and Water Board, 505 So.2d 119 (La.App. 4th Cir.1987), Macelli v. Dept. of Police, 98-0253 (La.App. 4 Cir. 9/9/98), 718 So.2d 1021. Thus, the Commission may not substitute its own judgment for the judgment of the Department of Public Works with respect to the severity of the disciplinary penalty to be imposed. E.g., Palmer v. Dept. of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658; Chapman, supra.