|,TERRI F. LOVE, Judge.
The Department of Police appeals the judgment rendered by the Civil Service Commission ordering the Department to pay Officers Broaden and Henry all back pay and emoluments of employment to which they are entitled. For the following reasons, we reverse the decision of the Civil Service Commission.
FACTS AND PROCEDURAL HISTORY
Officers Quincy Broaden and Kermit Henry are officers with the New Orleans Police Department with permanent status. Each officer received a fifteen-day suspension for violation of Departmental Rule 4, section 4, subsection (4)(c), Performance of Duty, Neglect of Duty[1], and Departmental Rule 2, section 3, Moral Conduct, Truthfulness [2], arising out of their contact with a female in a domestic disturbance call on February 15, 2002. In addition, the officers were found in [2vioIation of Rule IX, Section 1, paragraph 1.1 of the Rules of the Civil Service Commission regarding maintaining the standards of service.[3]
The hearing officer found that the disciplinary action for neglect of duty was warranted but the disciplinary action for untruthfulness was not proven, as such was based only on hearsay evidence. The officers appealed to the Civil Service Commission, which upheld their appeal based on the Department’s failure to provide any evidence for the disciplinary action. The Department appeals the Commission’s decision.
Sergeant Rudolph Thomas conducted an administrative investigation after the female subject of the domestic disturbance *320 call was found dead in the same area two days later. The administrative investigation revealed that a witness placed the domestic disturbance call upon hearing the couple fighting and observing bruises on the female. When they arrived in the area, the witness directed the officers to a parked van, where they found a female asleep. The female stated that she had an argument with her boyfriend and that he left with the key to the van, | .¡leaving her stranded. The officers determined that the situation required no action on their part and that a written report was not needed.
On July 10, 2002, a hearing was held before Captain Edwin C. Hosli, the Commander of the Second Police District. The disciplinary letter sent to each officer states that the officers offered nothing at the hearing to mitigate, justify, or explain their behavior. On August 12, 2002, the officers received their disciplinary letters, which reflected the findings of the Departmental investigation: the officers violated Departmental Rule 4 when they failed to make a report of the domestic disturbance, and the officers violated Rule 2 when they were untruthful about the victim not showing any signs of injury at the time of the disturbance in light of statements by two witnesses to the contrary.
Officer Broaden appealed the suspension on August 22, 2002, and Officer Henry appealed the suspension on September 12, 2002. The appeals were consolidated because the facts, circumstances, witnesses, and disciplinary action taken was the same in each.
On November 26, 2002, February 3, 2003, and March 10, 2003, hearings were held before the hearing officer. The officers testified that the female alleged no physical contact with her boyfriend during their argument and that she evidenced no signs of physical abuse. Furthermore, the officers stated that the female indicated she did not want to file a complaint. Under the circumstances, the officers concluded, no report was necessary and none was prepared.
Captain Eddie Hosli testified that the Department’s rules do not require a written report to be prepared in a domestic disturbance call when there are no allegations or signs of physical injury.
Sergeant Thomas testified that Garrett Smith, the lay witness who called the police to report the domestic disturbance, observed the female arguing with her 1 ¿boyfriend and observed bruises or scratches on the female’s face or neck at the time he called police.
The hearing officer noted the reliance of the Department on the statement of the witness who reported the domestic disturbance. Although he indicated he was willing to testify, Smith was not able to appear at any of the hearings. The hearing officer allowed hearsay evidence at the hearings in anticipation of the witness testifying. When Smith did not testify, the hearing officer struck the hearsay testimony from the record. The hearing officer noted that although hearsay is admissible at administrative hearings, it is not admissible when it is highly prejudicial, as in the instant case. The officers would not be able to cross-examine the main witness against them.
The hearing officer found that the officers failed to write a report, which he found to be required in all domestic disturbance calls. The hearing officer found, however, that the charge of untruthfulness was not proved because Smith did not testify, and the hearsay testimony of Sergeant Thomas was stricken from the record.
On July 22, 2003, the Civil Service Commission for the City of New Orleans issued *321 its opinion. The Commission found that the hearing officer correctly struck the hearsay testimony of Sergeant Thomas when Smith failed to testify. Based on the testimony of Captain Eddie Holsi, the Commission also found that the Department’s Rules do not require officers to prepare a written report when there are no allegations or signs of physical violence. The officers’ appeal was granted, and the Commission ordered the Department to pay the officers all back pay and emoluments of employment to which they are entitled. It is from this judgment that the Department of Police appeals.

ILEGAL ANALYSIS

In Smothers v. Department of Police, 2000-1518 (La.App. 4 Cir. 5/16/01), 787 So.2d 1110, this Court reviewed the standard of review in civil service disciplinary cases:
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action except for cause expressed in writing, and he may appeal disciplinary action taken against him to the Civil Service Commission. La. Const, art. X, § 8(A). On appeal, the Civil Service Commission has a duty to decide if the appointing authority had good or lawful cause for taking the disciplinary action, and, if so, whether the punishment is commensurate with the offense. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984). The appointing authority has the burden of proving by a preponderance of the evidence not only that the complained-of conduct occurred but that it impaired the efficient operation of the governmental entity. Macelli v. Department of Police, 98-0258 (La.App. 4 Cir. 9/9/98), 718 So.2d 1021, 1023. The Commission’s decision is subject to review by the court of appeal on questions of law or fact. Walters, 454 So.2d at 113; Barquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4th Cir.1993).
Therefore, to modify the disciplinary action of the appointing authority, the Commission must find that there was insufficient legal cause for the disciplinary action taken. Legal cause exists if the facts found by the Commission disr close that the conduct of the employee impaired the efficiency of the public service. Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, 659. A reviewing court should not reverse a Commission’s conclusion on whether the disciplinary action is based on legal cause, unless the conclusion is arbitrary, capricious, or an abuse of discretion. Walters, 454 So.2d at 114. When reviewing the Commission’s findings of fact, however, a reviewing court should not reverse or modify a finding unless it is manifestly erroneous. Id. at 113.
Smothers, 2000-1518, p. 4-5, 787 So.2d at 1112-1113.
The Department argues that the Commission erred in upholding the appeal of the officers because hearsay is admissible in administrative hearings. The | ^Department relies on this Court’s decision in Taylor v. New Orleans Police Dept., 2000-1992 (La.App. 4 Cir. 12/12/01), 804 So.2d 769.
Hearsay may be admitted in administrative hearings, and this practice does not violate the constitution. Taylor, 2000-1992, pp. 4, 6, 804 So.2d at 772, 773. However, the findings of the Commission must be based upon competent evidence. Taylor, p. 5, 804 So.2d at 773 citing Cittadino v. Dep’t of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). The appellate court will disregard incompetent evidence. Therefore, the question becomes whether *322 the hearsay evidence was “competent evidence.” Taylor, p. 5, 804 So.2d at 773.
In Taylor, the hearsay evidence at issue was an officer’s sworn statement regarding his observations of the physical and emotional state of a woman, whose husband was a fellow officer accused of choking her with a dog chain. The officer’s testimony qualified as competent evidence because it had a degree of reliability and trustworthiness and was of the type that a reasonable person would rely upon. Taylor, p. 6-7, 804 So.2d at 774. Thus, this Court found that the Commission erred in disallowing the hearsay testimony of the officers when the wife could not testify before the Commission. Taylor, pp. 6-7, 804 So.2d at 774.
Additionally, in Stevens v. Department of Police, 2000-1682, p. 8 (La.App. 4 Cir. 5/9/01), 789 So.2d 622, 627, this Court held:
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Newman [v. Dept. of Fire, 425 So.2d 753 (La.1983)] ... Indeed the [Civil Service] Commission should give heightened regard to the appointing authorities that serve as special guardians of the public’s safety and operate as quasi-military institutions where strict discipline is imperative.
In the instant case, the issue is not whether hearsay evidence is admissible in administrative hearings. Clearly, such evidence may be admissible if it is 17competent evidence. Thus the question becomes whether Sergeant Thomas’ testimony regarding Smith’s observations was competent evidence. Sergeant Thomas interviewed Smith during the course of an administrative investigation of the officers’ actions during the domestic disturbance call. Sergeant Thomas had the opportunity to evaluate Smith’s credibility and his truthfulness during the interview. Smith maintained his contention that the female was visibly bruised or scratched at the time Smith made the call to the police. Sergeant Thomas’ testimony was based on his investigative interview with an eyewitness to the domestic disturbance; as such, his testimony qualified as competent evidence because it had a degree of reliability and trustworthiness and was of the type that a reasonable person would rely upon. See Taylor, pp. 6-7, 804 So.2d at 774.
The Commission erred in disallowing the hearsay testimony of Sergeant Thomas when the lay witness failed to testify before the Commission. Based on the testimony of Sergeant Thomas and Captain Hosli, there was evidence to support the Department’s disciplinary action against the officers on both the neglect of duty and the untruthfulness charges.

CONCLUSION

Accordingly, the decision of the Civil Service Commission is reversed; and the fifteen-day suspensions imposed by the appointing authority upon Officer Quincy Broaden and Officer Kermit Henry are reinstated.
REVERSED AND RENDERED.

. Rule 4, § 4, Performance of Duty, Neglect of Duty, states:
Each member, because of his grade and assignment, is required to perform certain duties and assume certain responsibilities. A member's failure to properly function in either or both of these areas constitutes a neglect of duty.
(4c) Enumerated Acts/ Omissions
1. Failing to take appropriate and necessary police action.
2. Failing to make a written report when such is indicated.

. Rule 2, § 3, Moral Conduct, Truthfulness, states:
Upon the order of the Superintendent of Police, the Superintendent's designee or a superior officer, employees shall truthfully answer all questions specifically directed and narrowly related to the scope of employment and operations of the Department, which may be asked of them.

. Rule DC, § 1, paragraph 1.1 states:
When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service.
The action may include one or more of the following:
(1) removal from the service.
(2) involuntary retirement.
(3) reduction in pay within the salary range for the employee’s classification, subject to the provisions of Rule IV, Section 8.
(4) demotion to any position of a lower classification that the employee is deemed by the appointing authority and the Director to be competent to fill, accompanied by a reduction in pay, which is within the salary range for the lower classification, subject to the provisions of Rule IV, Section 8.
(5) suspension without pay not exceeding one hundred twenty (120) calendar days.
(6) fine.