JjMAX N. TOBIAS, JR., Judge.
Thomas Monteverde (“Monteverde”) is employed by the appointing authority, the New Orleans Fire Department (“NOFD”), as a Fire Captain with permanent civil service status. He was hired by the NOFD on 21 June 1976 and was promoted to his current class on 7 June 1987. The instant disciplinary action arose out of an alleged false response by Monteverde to a question posed to him during a promotional interview for the position of Fire District Chief. Monteverde was found by a peer review committee, to have violated a NOFD departmental rule prohibiting the giving of false testimony and given a six-hour suspension without pay. He appealed the disciplinary action to the Civil Service Commission for the City of New Orleans (hereafter “CSC”), which reversed the NOFD. The NOFD now appeals. We affirm.
The NOFD suspended Monteverde for six hours based on a determination that he violated Section 5.2.1 of the NOFD’s rules and regulations, which, according to the 16 May 2003 disciplinary letter mailed by the NOFD to Monteverde and the decision of the CSC, states:
Section 5.2.1 — No member shall make any false statements or reports concerning other members conduct or character, or regarding any business of the ^Department. Members shall not make any false entries or statements in any department record books, reports or testimony. Omission of any facts from any reports or records books with the intent to deceive shall be considered the same as a false entry.
Monteverde was formally charged with the violation on 16 April 2003. The 16 May 2003 disciplinary letter mailed by the NOFD to Monteverde specifically alleged that:
[D]uring an interview for promotion to Fire District Chief, you stated that you had spoken to retired Superintendent of Fire Warren McDaniels while he held *718 the office of Superintendent, about a problem with the Fire Fighters Challenge. It was established by Chief McDaniels himself, that no such conversation took place.
NOFD Assistant Superintendent Edwin Holmes, Sr. (“Holmes”) testified at the CSC hearing that he was present for Mon-teverde’s promotional interview on 7 April 2003 for the position of District Chief. Also present at that interview were NOFD Superintendent Charles Parent and NOFD Chief of Administration Bruce Warner. Holmes testified that Superintendent Parent asked Monteverde a question regarding problems Monteverde had with the “Firefighter’s Challenge,” which is essentially a physical fitness test. Monteverde stated that he had addressed those problems with former NOFD Superintendent Warren McDaniels (“McDaniels”). Holmes’ recollection was that Monteverde stated that he had spoken to McDaniels personally, and that Monteverde had said, “If you don’t believe me, go ask him.” Holmes further testified that he subsequently had occasion to ask McDaniels informally about what Monteverde had said. McDaniels said he never had such a conversation with Monteverde.
Holmes was asked on cross-examination how Monteverde’s statement mattered insofar as the selection process. He replied that it mattered because pMonteverde violated rule 5.2.1, i.e., that Monteverde had “lied.” Holmes said it mattered that one told the truth during the interview process. When Holmes was asked whether Monteverde’s statement about speaking with McDaniels had any bearing on the decision whether to select or not select Monteverde as a district chief, Holmes replied, “No, it did not.”
NOFD Deputy Chief Joseph F. Buras (“Buras”) testified that he was the chairman of the NOFD Peer Review Board that met to consider the charge lodged against Monteverde. He recalled that when Mon-teverde was asked during the Peer Review Board meeting whether he had a conversation with McDaniels, Monteverde admitted that he had not had a face-to-face conversation with McDaniels. Buras identified a summary of the peer review board meeting, reflecting that Monteverde said that he had someone talk to McDaniels on his behalf and pass verbal and written information from him to McDaniels. The summary further reflected that Monteverde admitted that he did not personally speak to McDaniels. Buras was asked how Mon-teverde’s statement related to the efficiency of the NOFD. He replied that, insofar as a person interviewing for a job, one would want that person to be truthful because later on one would want that person to be truthful in the performance of his duties.
NOFD Superintendent Charles Parent (“Parent”) testified at the hearing that one of the issues that came up in Monteverde’s promotional interview was the excessive time it took Monteverde to complete the Firefighter’s Challenge. Monteverde said he had medical reasons for his excessive time. Parent said that if a firefighter is not physically able to complete the challenge, then the NOFD does not feel he is physically able to do the job and he is placed on sick leave. Parent said he knew of no exceptions. He knew Holmes lived near McDaniels, so when | ¿Holmes volunteered that he could ask McDaniels about Monteverde’s explanation about the challenge, Parent told him to go ahead and do it. Parent was asked how Monteverde’s statement affected the efficiency of the NOFD. He replied that the NOFD holds its people to a high standard, and that people have to trust firemen. Insofar as Monteverde’s supervising other firemen, Parent said that as a captain, Monteverde *719 was held to a higher standard, and that personally Parent would not want to work for anyone who would not be truthful.
Father Peter Weiss, the Roman Catholic chaplain for the NOFD and New Orleans Police Department, testified that Montev-erde sought counsel from him two or three years ago relative to a problem on the Firefighter’s Challenge. Monteverde asked Father Weiss to speak to then-Superintendent McDaniels about the problem, and shortly thereafter Father Weiss did so. Father Weiss later delivered a letter to McDaniel’s secretary at the request of Monteverde. On cross-examination, Father Weiss admitted that he could not be certain as to whether Monteverde had sought his counsel and intervention with McDaniels relative to the 2000, 2001 or 2002 challenge.
The CSC stated in its decision that Rule 5.2.1 required an intent to deceive. The CSC stated that it saw little difference between Monteverde’s speaking directly to McDaniels or communicating indirectly through his spiritual eounsélor. It noted that the NOFD conceded that Montev-erde’s statement was immaterial to the promotional process. The CSC concluded that Monteverde had made an “imprecise statement during a promotional hearing that was not intended to deceive, and was of no consequence,” and thus that the NOFD had failed to establish that it had disciplined Monteverde for cause.
|RIn Broaden v. Department of Police, 2003-1427, p. 5 (La.App. 4 Cir. 1/14/04), 866 So.2d 318, 321, quoting Smothers v. Department of Police, 2000-1518, pp. 4-5 (La.App. 4 Cir. 5/16/01), 787 So.2d 1110, 1112-1113, we held:
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action except for cause expressed in writing, and he may appeal disciplinary action taken against him to the Civil Service Commission. La. Const, art. X, § 8(A). On appeal, the Civil Service Commission has- a duty to decide if the appointing authority had good or lawful cause for taking the disciplinary action, and, if so, whether the punishment is commensurate with the offense. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984). The appointing authority has the burden of proving by a preponderance of the evidence not only that the complained-of conduct occurred but that it impaired the efficient operation of the governmental entity. Macelli v. Department of Police, 98-0253 (La.App. 4 Cir. 9/9/98), 718 So.2d 1021, 1023. The Commission’s decision is subject to review by the court of appeal on questions of law or fact. Walters, 454 So.2d at 113; Barquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4th Cir.1993).
Therefore, to modify the disciplinary action of the appointing authority, the Commission must find that there was insufficient legal cause for the disciplinary action taken. Legal cause exists if the facts found by the Commission disclose that the conduct of the employee impaired the efficiency of the public service. Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, 659. A reviewing court should not reverse a Commission’s conclusion on whether the disciplinary action is based on legal cause, unless the conclusion is arbitrary, capricious, or an abuse of discretion. Walters, 454 So.2d at 114. When reviewing the Commission’s findings of fact, however, j fia reviewing court should not reverse or modify a finding unless it is manifestly erroneous. Id. at 113.
In the context of a civil service hearing, “arbitrary or capricious” means *720 that there is no rational basis for the action taken by the CSC. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647; Williams v. Sewerage & Water Board, 2004-0025, (La.App. 4 Cir. 5/19/04), 876 So.2d 117, 121.
The NOFD argues that the CSC’s decision was arbitrary, capricious, and characterized by an abuse of discretion. The NOFD simply makes a conclusory statement that it met its burden of proving that Monteverde’s action of making an untruthful statement during his promotional interview impaired the efficiency of the public service. The NOFD argues that Monteverde should have been truthful during his promotional interview, “or at least attempted to make himself clear to the interviewers.”
Insofar as whether Monteverde’s actions impaired the efficiency of the NOFD, Holmes said Monteverde’s statement about speaking with McDaniels did not have any bearing on the decision whether to select or not select Monteverde as a district chief. Buras stated that with respect to a person interviewing for a job, one would want that person to be truthful because later on one would want that person to be truthful in the performance of his duties. Parent stated that firemen are held to a higher standard, that people have to trust firemen, that as a captain, Montev-erde was held to a still higher standard, and that personally Parent would not want to work for anyone who would not be truthful.
Rule 5.2.1 contemplates an intent by the speaker to give false testimony. All the testimony as to Monteverde’s action having impaired the efficiency of the NOFD contemplated an intentionally untruthful statement. In the case at bar, |7Holmes testified that after Monteverde asserted that he had spoken to McDaniels about his completion time on the Firefighter’s Challenge and after Monteverde apparently observed some indication of disbelief on the part of at least one member of the interviewing panel, Monteverde stated: “If you don’t believe me, go ask him.” This is not indicative of an intent by Monteverde to give false testimony as prohibited by NOFD Rule 5.2.1.
It is unknown what McDaniels had to say concerning Monteverde’s problem with the Firefighter’s Challenge. However, it appears that the problem was resolved in Monteverde’s favor, as no evidence exists that he had been placed on sick leave for failing to adequately perform on the challenge. This conclusion is based on Parent’s testimony that normally a firefighter is placed on sick leave when he or she fails to meet the Firefighter’s Challenge requirements.
Obviously it is not an inconsequential thing for a firefighter to perform inadequately on the challenge. Thus, one might speculate that a candidate for promotion like Monteverde would expect that his inadequate performance on the challenge would be inquired into, as would any mitigating explanation by a candidate as to the resolution of that problem by the NOFD.
Finally, we note that the NOFD’s own argument on appeal suggests that all Mon-teverde possibly did wrong was fail to “make himself clear to the interviewers.”
The CSC’s finding that Monteverde merely made an imprecise statement and did not intend to deceive the interviewers is not manifestly erroneous. Given that finding, in light of the testimony by the NOFD’s ranking officers at the CSC hearing, we cannot say and do not find that Monteverde’s action in making an imprecise statement impaired the efficiency of the public service. Accordingly, the |=CSC’s conclusion that the NOFD failed to *721 establish that it disciplined Monteverde for cause was not arbitrary, capricious, or an abuse of discretion.
For the foregoing reasons, thé decision by the Commission is affirmed.
AFFIRMED.