930 So.2d 182 (2006)
David A. DURDEN
v.
PLAQUEMINES PARISH GOVERNMENT.
No. 2005-CA-1373.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 2006.
Henry T. Arrington, Elizabeth C. Harper, The Kullman Firm, P.L.C., New Orleans, Counsel for Defendant/Appellant.
*183 (Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
The Plaquemines Parish Government (the appointing authority) appeals the decision of the Plaquemines Parish Civil Service Commission (the Commission) to reinstate the plaintiff, David A Durden (Durden), to employment as a truck driver in Solid Waste District # 2. For the following reasons, we reverse the Commission and reinstate the termination of employment imposed by the appointing authority.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
While at work on April 19, 2005, Durden was involved in an altercation with a non-employee, Tony Riley (Riley). The evidence in this case indicates that Riley, who was involved in a prior argument with Durden, came to Durden's workplace (a trash compactor yard in Port Sulphur, Louisiana) to unload garbage with another individual. According to Durden, Riley started the fight by cursing and pushing him. Durden stated that he hit Riley several times then pulled a knife when Riley picked up a shovel. Riley left and Durden was arrested shortly thereafter.
Durden was issued a Notice of Suspension on April 22, 2005. A pre-termination hearing took place on May 5, 2005.[1] Durden testified at the hearing that he was acting in self-defense. Durden was terminated effective May 11, 2005.
Durden appealed both the suspension and the termination to the Commission. On June 22, 2005, the Commission conducted a hearing on the consolidated appeals. Four witnesses testified at the hearing: Blair Rittiner, Superintendent of Solid Waste District # 2; Nancy Gordon, Human Resources Manager; Durden; and Scott Rousselle, Superintendent of Solid Waste District # 1. Durden appeared without his attorney, Kevin Connor, whom Durden stated was also representing him in the criminal case.[2]
The evidence presented to the Commission revealed that Durden received a prior Notice of Suspension on April 14, 2003 for fighting with a co-worker. The Notice stated: "Any further incidents of this nature will result in disciplinary action up to and including termination of employment. FINAL WARNING."
Nancy Gordon, testifying on behalf of the appointing authority, explained the decision to recommend termination as follows:
Even after being told in writing though that if he got in another fight while he was at work he might be discharged, he got in another fight. This one was even more serious, it involved a citizen. And it involved a knife, and a cue ball, and words that he was gonna kill him. He was given an opportunity to come to the pre-termination hearing to rebut those charges or to talk to try to mitigate them somehow. And his response was not any remorse, not that, "I'm sorry," not that, "I won't do it again." His whole response was, "That's the way I was brought up, someone gets in your *184 face you got to go after them." And we did not feel that was something that would counter the fact that he had pulled a knife on a citizen. We didn't have any confidence that being out at a job he might not make that same decision to do again. He didn't realize probably the proper reaction at that point would have been to reach over and pick up a telephone and dial 911 and get a policeman there for himself. His response was to pull a knife. He had been warned previously.... We just couldn't afford the liability of returning him out to the workplace again. And so the only response  the only thing we could do is terminate his employment.
It was clear from Durden's testimony that he was aware of the prior warning and that he understood the consequences of fighting again. He testified, however that he was defending himself. Durden also testified that he would not fight again.
On July 5, 2005, the Commission issued its finding that "the Appellant [Durden] acted in self-defense against an aggressive individual, who came to his workplace. However, the Appellant's actions constituted an overly aggressive defense which requires discipline, but not termination of employment." The Commission held that Durden should be suspended without pay for seventy-five days beginning April 19, 2005 and ending July 3, 2005. Finally, the Commission recommended that Durden seek counseling for anger management. This appeal followed.
On appeal, the appointing authority asserts three assignments of error on the part of the Commission: (1) the Commission's factual findings are inaccurate, erroneous, and contrary to evidence; (2) the Commission abused its discretion in reinstating Durden to employment as the Parish's decision to terminate Durden was supported by reasonable evidence; and (3) the Commission's decision that Durden acted in self-defense is contrary to the law and record evidence. Durden has not filed an appellee brief herein.

LAW AND ANALYSIS
In Broaden v. Department of Police, XXXX-XXXX, p. 5 (La.App. 4 Cir. 1/14/04), 866 So.2d 318, 321, quoting Smothers v. Department of Police, XXXX-XXXX, pp. 4-5 (La.App. 4 Cir. 5/16/01), 787 So.2d 1110, 1112-1113, this Court reviewed the standard of review in civil service disciplinary cases as follows:
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action except for cause expressed in writing, and he may appeal disciplinary action taken against him to the Civil Service Commission. La. Const. art. X, § 8(A). On appeal, the Civil Service Commission has a duty to decide if the appointing authority had good or lawful cause for taking the disciplinary action, and, if so, whether the punishment is commensurate with the offense. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984). The appointing authority has the burden of proving by a preponderance of the evidence not only that the complained-of conduct occurred but that it impaired the efficient operation of the governmental entity. Macelli v. Department of Police, 98-0253 (La.App. 4 Cir. 9/9/98), 718 So.2d 1021, 1023. The Commission's decision is subject to review by the court of appeal on questions of law or fact. Walters, 454 So.2d at 113; Barquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4 Cir.1993). Therefore, to modify the disciplinary action of the appointing authority, the Commission must find that there was insufficient legal cause for the disciplinary action taken. Legal cause exists if the facts found by *185 the Commission disclose that the conduct of the employee impaired the efficiency of the public service. Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658, 659. A reviewing court should not reverse a Commission's conclusion on whether the disciplinary action is based on legal cause, unless the conclusion is arbitrary, capricious, or an abuse of discretion. Walters, 454 So.2d at 114. When reviewing the Commission's findings of fact, however, a reviewing court should not reverse or modify a finding unless it is manifestly erroneous. Id. at 113.
In the context of a civil service hearing, "arbitrary or capricious" means that there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647; Williams v. Sewerage & Water Board, XXXX-XXXX, (La.App. 4 Cir. 5/19/04), 876 So.2d 117, 121.
It is well established that the Commission has the authority to "hear and decide" disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12; Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). However, the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Id. at 1222. See also Whitaker v. New Orleans Police Department, XXXX-XXXX, p. 4 (La.App. 4 Cir. 9/17/03), 863 So.2d 572, 575. Thus, in the instant case, unless the Commission determined that there was insufficient cause for the appointing authority to impose the discipline, the penalty must stand. Pope v. New Orleans Police Department, XXXX-XXXX, p. 5 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 5.
In James v. Sewerage and Water Board of New Orleans, 505 So.2d 119 (La.App. 4 Cir.1987), we considered a decision of the Commission, which reversed a five-day suspension of an employee and suggested a reprimand instead. In reversing the Commission and reinstating the suspension, we stated:
It is not the job of the Commission to decide who should be disciplined how. The appointing authority is charged with the operation of his department. He is the one who must run the department, an obviously necessary part of which is dismissing or disciplining employees. While he may not do so without cause, he may, and indeed must, within the exercise of sound discretion, dismiss or discipline an employee for sufficient cause. The Commission is not charged with such operation or such disciplining.
Id. at 121. See also Butler v. New Orleans Police Department, 2003-2180 (La. App. 4 Cir. 10/6/04) 885 So.2d 1266, 1270.
In Chapman v. Department of Police, 97-1384 (La.App. 4 Cir. 1/28/98), 706 So.2d 656, we rejected the Commission's reduction of a suspension from thirty days to ten days, holding that the Commission is not charged with the operation of the NOPD or disciplining its employees. We concluded that the Commission's action was simply a substitution of its judgment for the Superintendent's judgment. We found that the Superintendent had sufficient cause to impose the penalty and that the NOPD carried its burden of proof. The Commission's action was an arbitrary and capricious interference with the authority of the Superintendent to manage his department.
In Brooks v. Department of Police, XXXX-XXXX (La.App. 4 Cir. 5/9/01), 787 So.2d 1061, we found the Commission's reversal of the ten-day and five-day suspension imposed by the Superintendent to *186 be arbitrary and capricious where the Superintendent proved by a preponderance of the evidence that Officer Brooks's dereliction of duty substantially impaired the efficient and orderly operation of the police department.
In the present case, the Commission did not dispute that the appointing authority had lawful cause for taking disciplinary action against Durden. To the contrary, the Commission concluded that Durden's actions were overly aggressive and required discipline. The question before us, then, is whether the Commission erred in modifying the sanction imposed by the appointing authority.
The pertinent facts surrounding the incident are not in dispute. Durden acted in response to an altercation initiated by Riley. It is the appointing authority's position that Durden's response of pulling a knife was unacceptable behavior; and, in light of the prior warning against fighting, termination was the only option. From the evidence presented, and considering the serious nature of Durden's actions, we find that the appointing authority acted reasonably and with sufficient legal cause in terminating Durden. Accordingly, we conclude that the Commission acted arbitrarily by reinstating Durden to employment.

CONCLUSION
For the foregoing reasons, the judgment of the Commission is reversed and the termination of Durden by the appointing authority is hereby reinstated.
REVERSED AND RENDERED.
NOTES
[1] The pre-termination hearing was not transcribed. Nancy Gordon, Human Resources Manager for the Plaquemines Parish Government, explained to the Commission that the recording device used to record the hearing did not function properly.
[2] There is no evidence in the record of any attorney acting on Durden's behalf in this matter.