BYRNES, Chief Judge.
The basic facts of this case are not in dispute. The appellant, James Shepack, while off-duty, wearing civilian clothes and in his private vehicle, made a traffic stop. Appellant called for backup and an on-duty police officer responded. The appellant then issued traffic tickets to the driver on the backup officer’s ticket book.
Officer Shepack does not contest the fact that it is a violation of departmental rules to perform a traffic stop while off duty in a private vehicle, unless there is a felony in progress. Officer Shepack was originally issued a letter of reprimand from Captain Shackelford. Subsequently, the penalty was increased to a three day suspension by Chief Roñal Serpas. Officer Shepack appealed the increase in penalty to the Civil Service Commission. The Civil Service Commission affirmed the penalty. Officer Shepack now appeals the decision of the Civil Service Commission to affirm the penalty.
Officer Shepack contends that the driver he stopped was operating her vehicle in such a dangerous and reckless manner that she constituted an immediate danger to himself and his family, as well as other drivers and pedestrians.
| gRule 4, Sec. 8, Police Officer’s Operations manual provides:
“[T]he fact that members may be technically OFF-DUTY shall not relieve them *735 from the responsibility of taking the required police action on any serious matter coming to their attention at any time.
Officer Shepack argues that the penalty is excessive because:
Under the circumstances, in light of Rule 4, Sec. 8, Supra, Appellant had a duty to conduct himself in the manner he did. Although, regarding traffic stops, police officers are not authorized to make same while operating a personal vehicle, nevertheless, the two rules must be read together. If not, the police officer is on the horns of a dilemma. Read separately, the rules in question are contradicting, [sic]
Roñal Serpas was the only witness to testify before the civil Service Commission. The Civil Service Commission found that the penalty was increased from a letter of reprimand to a three-day suspension because it was the second sustained violation for instructions in three years. As such the penalty conforms to departmental guidelines.
Officer Shepack argues that because neither the police department nor the Civil Service Commission articulated any specifics of Officer Shepack past disciplinary record, the decision to impose the three day suspension was a mere conclusion and, therefore, unreasonable and unjustified.
Officer Serpas testified that under departmental guidelines the penalty for a first offense could range from a reprimand to a three day suspension. For a second offense, a suspension of from three days to ten days is called for. Officer Shepack does not contend that the rules say otherwise. Thus according to the departmental guidelines, Officer Shepack received a minimum penalty. It is sufficient that Officer Serpas testified that the previous offense was a “sustained instruction charge.” Officer Shepack does not contest the fact that there was a previous ^sustained instruction charge. Officer Shepack does not contend that any information concerning the nature of the previous charge was withheld from him. Therefore, we find no merit in this argument.
The Civil Service Commission has the authority to “hear and decide” disciplinary cases, which includes the authority to modify a penalty. Chapman v. Department of Police, 97-1384, p. 3 (La. App. 4 Cir. 1/28/98), 706 So.2d 656, 658. However, the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. Id. The appointing authority is charged with the operation of his department and it is within his discretion to discipline an employee for sufficient cause. Id., p. 4, 706 So.2d at 658. The Civil Service Commission is not charged with such operation or such disciplining. Id. It is not the job of the Commission to decide who should be disciplined or how. Id. The appointing authority is the one who must run the department, an obviously necessary part of which is dismissing or disciplining employees. Id. While he may not do so without cause, he may, and indeed must, within the exercise of sound discretion, dismiss or discipline an employee for sufficient cause. Id. The Commission is not charged with such operation or such, disciplining. Id.
In Chapman, supra, this Court found facts relevant to Officer Shepack’s contention that the Civil Service Commission should have substituted the letter of reprimand for the three-day suspension ordered by Chief Serpas.
In the present case the Commission concluded that Chapman violated departmental regulations. However, it expressed its belief that the thirty-day suspension was “too harsh” and that a *736 ten-day suspension was more appropriate under the circumstances. As in the ■ cases cited above the Commission’s action was simply a substitution of its judgment for the Superintendent’s. |4There was no finding that the Superintendent lacked sufficient cause to impose the penalty or that NOPD failed to carry its burden of proof. It was nothing short of an arbitrary and capricious interference with the authority of the Superintendent to manage his department.
Id., p. 4, 706 So.2d at 658.
Where there is a sufficient basis for the imposition of the disciplinary action, the Civil Service Commission may not substitute its judgment of what the proper penalty should be for the penalty imposed by the appointing authority based on what the Civil Service Commission perceives to be mitigating factors. Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658. Officer Shepack does not contest the appropriateness of the penalty originally proposed — a letter of reprimand. In effect, Officer Shepack argues that while the original penalty may have been appropriate, the decision of the Civil Service Commission to sustain the decision to supercede the letter of reprimand with a three-day suspension was arbitrary and capricious. To put it another way, Officer Shepack contends that the Civil Service Commission should have substituted its judgment of what the appropriate penalty was for that of the “Appointing Authority” because of the mitigating factors surrounding the traffic stop. Officer Shepack cites no cases in support of this contention or any of her other contentions. There is no merit in this contention. It was not error for the Civil Service Commission to sustain the penalty imposed by the appointing authority.
For the foregoing reasons, the decision of the Civil Service Commission is affirmed.

AFFIRMED.