JOAN BERNARD ARMSTRONG, Chief Judge.
| Officer Nikia Adams of the New Orleans Police Department (NOPD) appeals a decision of the Civil Service Commission for the City of New Orleans (the Commission) denying her appeal and upholding the one day suspension imposed by the appointing authority, the NOPD Superintendent. For the reasons that follow, we affirm.
Officer Adams is employed as a Police Officer I with permanent status. She was hired on December 16, 2001 and was promoted to her current class on February 19, 2003.
On December 15, 2006, during roll call at 2:25 p.m., NOPD Sergeant Scott Monaco, commander of the Second Platoon at the Fourth District Police Station, instructed the police officers to sign the “Beat Roll Book” and to report to him at the end of their tours of duty. Officer Adams returned to the station after having completed her tour of duty later that night, but did not sign the Beat Roll Book. She returned to the station the following morning, although it was her day off, located the book in the Second Platoon’s office, and signed the book.
Sergeant Monaco filed an administrative complaint with the Superintendent, alleging that Officer Adams had violated departmental rules and procedures 12because she had not reported to him and signed the Beat Roll Book at the end of her shift, as instructed. In July, 2007, Superintendent Warren Riley notified Officer Adams that the investigation of this complaint was complaint. According to the disciplinary letter, the Superintendent concluded that Officer Adams had violated Departmental Rules and/or Procedures, specifically, Instructions from an Authoritative Source, to wit: verbal instructions from Sergeant Monaco. The Superintendent imposed a one day suspension.
Officer Adams appealed to the Commission. Following a hearing, the Commission denied the appeal, finding that Officer Adams failed to comply with her sergeant’s instructions.
Officer Adams contends that the Commission acted arbitrarily and capriciously by denying her appeal and upholding the disciplinary action without having found that her actions impaired the efficient operation of the NOPD; without having con *765 sidered the NOPD’s failure to investigate the matter; and in determining that the one day suspension was commensurate with the violation.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his or her appointing authority except for cause expressed in writing. La. Const. Art. X, § 8(A); Walters v. Department of Police of New Orleans, 454 So.2d 106, 112-13 (La.1984).
The Commission has a duty to decide independently from the facts presented whether the appointing authority had good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Cornelius v. Dept. of Police, 07-1257, p. 8 (La.App. 4 Cir. 3/19/08), 981 So.2d 720, 724, citing Walters, supra. Legal cause exists whenever an employee’s conduct impairs the efficiency of the public service in which he or |sshe is engaged. Beba v. Department of Fire, 05-1209, p. 4 (La.App. 4 Cir. 5/31/06), 933 So.2d 871, 874.
The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that the dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093,1094.
The Commission’s decision is subject to review on any question of law or fact upon appeal. La. Const. Art. X, § 12. This court applies the manifest error standard of review to the Commission’s findings of fact. Cure, sivpra. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this Court should not modify the Commission’s order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id., 964 So.2d at 1094-95. A decision by the Commission is “arbitrary and capricious” if there is no rational basis for the Commission’s action. Id., 964 So.2d at 1095.
Officer Adams contends that the Commission failed to demonstrate that her admitted failure to sign the Beat Roll Book as directed by her sergeant impaired the efficient operation of her public service, the NOPD. Officer Adams testified that she returned to the station at the end of her shift and remained briefly in the parking lot, talking to officers who were arriving for the late shift. When she entered the station a few minutes later, she could find neither the Beat Roll Book in its usual location in a front desk drawer nor Sergeant Monaco. She was advised that the sergeant had gone for the evening. She left the station and returned the next morning, when she signed the book.
14Sergeant Monaco testified that he had instructed all officers under his command that day to sign the Beat Roll Book at the end of their shifts. Requiring the officers to sign the book was a departmental policy implemented to facilitate accountability and for payroll purposes. The officers’ signatures were evidence that they had worked that day and completed their shifts. After the shift had ended, Sergeant Monaco waited in the station for twenty-five minutes, during which time Officer Adams did not appear or sign the book. He asked Officer Adams’ partner, Officer Kelvin Jackson, where she was, and was advised that she was in the parking lot. Sergeant Monaco searched for Officer Adams in the parking lot and, when he did not find her, he left the station house.
*766 Sergeant Monaco filed the complaint against Officer Adams because she had not followed his verbal instructions. He acknowledged that she returned to the station the next day and signed the book, and opined that the impairment of the efficient operation of the NOPD lay in her failure to sign the book as ordered, immediately upon having completed her shift.
Sergeant Steven Andry testified that he had been assigned to investigate the complaint against Officer Adams. He questioned her, but did not question Sergeant Monaco. He concluded, based on her testimony and on his review of Sergeant Monaco’s written statement, that she had failed to follow an instruction from her supervisor, and that her action impaired the efficient operation of the NOPD. He acknowledged that he had not attempted to ascertain whether any mitigating circumstances existed and did not articulate specifically how Officer Adams’ conduct had impaired the NOPD’s efficient operation.
Officer Adams, by her own admission, failed to sign the book as ordered, and this failure was a direct violation of her duty to obey her superior officer’s | fiorder. Considering the nature of the profession of a police officer, it is incumbent on these professionals to be precise and to follow all direct orders, whether simple or complex, in order to demonstrate their discipline and commitment to the police force. No police force can afford to permit an unauthorized deviation from any legitimate order or instruction. Officer Adams’ failure to comply with the simple command to sign the Beat Roll Book in the timely manner required by her superior officer signals a lack of understanding of the importance of such discipline and commitment. The one-day suspension is a reasonable exercise of the appointing authority's discretion and, it is to be hoped, will serve to deter Officer Adams, and others by the example set, from failing to comply with a future command that could have more serious consequences to herself, to her fellow police officers and to the community she has sworn to protect and to serve.
Rule IX, § 1, paragraph 1.1(5) of the Rules of the Civil Service Commission for the City of New Orleans provides that when a classified employee has committed an act to the prejudice of the service or otherwise has been subjected to corrective action, the appointing authority shall take action as warranted by the circumstances to maintain the standards of effective service. This action may include suspension without pay for a period not exceeding 120 days. The one-day suspension imposed in this case is both rationally based and commensurate to the dereliction. See, Staehle v. Department of Police, 98-0216 (La.App. 4 Cir. 11/18/98), 723 So.2d 1031, citing Rule IX, § 1.
For the foregoing reasons, we affirm the ruling of the Commission denying Officer Adams’ appeal of the appointing authority’s disciplinary action.
AFFIRMED.
BONIN, J., dissents with reasons.