JAMES F. McKAY III, Judge.
Lin this appeal, the plaintiff/appellant, Officer Rudolph Fascio, seeks review of a decision of the Civil Service Commission of the City of New Orleans upholding a thirty (30) day suspension imposed upon him by the New Orleans Police Department. We affirm the Commission’s finding that Officer Fascio should have been disciplined and suspended. However, we amend that judgment to reduce the amount of time for his suspension from thirty (30) days to twelve (12) days.
FACTS AND PROCEDURAL HISTORY
On August 27, 2005, due to the approach of Hurricane Katrina, Superintendent Eddie Compass placed the New Orleans Police Department in “Activation Status” in order to mobilize departmental personnel for emergency operations upon the hurricane’s making landfall. Pursuant to this status, all essential personnel were required to report to duty and remain on duty until |2relieved. It was made clear that only the Superintendent himself could grant furlough to an officer who sought to be relieved of duty after the storm.
Officer Fascio was assigned to the K-9 Unit and reported for duty on Sunday, August 28, 2005 at 6:00 p.m. He and certain other members of the K-9 Unit were able to secure rooms at the Garden Hilton on Gravier Street. At some point, Officer Fascio viewed a CNN news broadcast which showed his daughter’s home in Sli-dell, Louisiana. The home appeared to be greatly damaged and the surrounding area devastated. Officer Fascio became concerned that his daughter may not have evacuated and he decided to check and make sure that she had. On August 31, *1031 2005, Officer Fascio notified his direct supervisor, Sergeant Ricky Blanchard, of his intentions and then made his way to Slidell in his personal vehicle along with his canine. After determining that his daughter had in fact evacuated, Officer Fascio went to his own home in Slidell in order to obtain some additional weapons and ammunition for his unit. He then made his way back to New Orleans and rejoined his unit approximately twelve to thirteen hours from the time he had initially left.
On December 5, 2005, Officer Fascio received a disciplinary letter wherein he was charged with one count of neglect of duty and given a thirty (30) day suspension.[1] Officer Fascio timely filed an appeal with the Civil Service Commission and the matter was assigned to a hearing examiner pursuant to Article | :iX, Section 12 of the Constitution of the State of Louisiana of 1974. The hearing was held on March 29, 2006 and the Civil Service Commission denied Officer Fascio’s appeal on July 31, 2008. It is from this decision that Officer Fascio now seeks relief.
DISCUSSION
On appeal, the appellant raises the following assignments of error: 1) the Civil Service Commission committed manifest error in dismissing the appellant’s appeal since under the conditions created by Hurricane Katrina, no discipline was warranted in this case; and 2) the Civil Service Commission committed manifest error in denying the appellant’s appeal under circumstances where the discipline by the appointing authority was excessive.
In a civil service matter, the appellate courts have constitutional authority to review both facts and law. La. Const. Art. X § 12. The standard of review is whether the decision by the Commission is arbitrary, capricious or characterized by an abuse of discretion. Alongi v. Dept. of Police, 452 So.2d 798 (La.App. 4 Cir.1984). A reviewing court should not reverse a commission conclusion as to the existence or absence of cause for dismissal unless the decision is arbitrary, capricious or an abuse of the commission’s discretion. Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356 (1971); Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24 (1954).
14In the instant case, Officer Fascio left his post for twelve to thirteen hours after Hurricane Katrina on August 31, 2005. Officer Fascio was aware that only the Superintendent himself could grant furlough to an officer who sought to be relieved of duty after the storm, but he left anyway. Although Officer Fascio’s actions were understandable, that does not change the fact that he violated the rule laid down by the Superintendent. The purpose of this rule was to centralize control of the police force under the Superintendent and avoid chaos in organizing and administering rescue efforts following the hurricane. See McElrath v. Department of Police, 2006-1288, pp. 3-4 (La.App. 4 Cir. 5/23/07), 959 So.2d 566, 568. Accordingly, Officer Fascio should have been disciplined.
However, the Commission’s upholding of the thirty (30) day suspension appears to be arbitrary when we consider *1032 that the Commission did not enforce this penalty uniformly across the board. See Deshotel v. Department of Police, 2007-0363 (La.App. 4 Cir. 10/24/07), 970 So.2d 1106. In that case, this Court affirmed a decision of the Civil Service Commission which threw out a forty-five (45) day suspension for a police officer who left after Hurricane Katrina in order to obtain heart medicine for his elderly mother. Id. In the instant case, Officer Fascio was gone twelve to thMeen hours, yet he received the same punishment as someone who left and abandoned their duties for a week. To allow a mechanical punishment scale, utterly fails to take into account the actions of the officers, any mitigating circumstances, and how the actions of those officers may have impaired the public service. Furthermore, when we consider that the Commission actually | .-rescinded the suspensions of some officers, the Commission’s upholding of Officer Fascio’s thirty (30) day suspension was arbitrary.
CONCLUSION
While we agree with the appointing authority and the Civil Service Commission that Officer Fascio should have been disciplined, we find the thirty (30) day suspension to be arbitrary and excessive. Accordingly, we affirm Officer Fascio’s suspension but reduce the suspension from thirty (30) days to twelve (12) days.
AFFIRMED AS AMENDED.
LOVE, J., dissents and assigns reasons.

. The appointing authority, i.e., the New Orleans Police Department, established guidelines to discipline officers who left in the wake of Hurricane Katrina based upon time missed from duty. From any absence to seven (7) days carried a penalty of a thirty (30) day suspension. From seven (7) to fourteen (14) days carried an increasingly larger suspension time for each unauthorized day of absence. After fourteen (14) days, an officer was terminated. Supervisors who left their posts were given additional fifteen (15) day suspensions.