JOHNSON, Justice,
dissents and assigns reasons.
|,I respectfully dissent. I doubt there is any place in the world where the name “Hurricane Katrina” does not conjure up terrible images of death and destruction. It is ludicrous then, to suggest that the NOPL system continued to function in a normal fashion post-Katrina. To the contrary, in addition to the destruction and damage to numerous library buildings, Ms. Mathieu was working in an extremely short-staffed office, and operating without the direction of an immediate supervisor, as the City Librarian/Director position was vacant from November 2006 until September 2007. Hurricane Katrina had a devastating impact on the City of New Orleans, resulting in chaos and dysfunction in the operation of City government, departments and services. There is no question that, during the relevant time frame, the NOPL was still in a state of disarray and not fully functioning. I find these conditions contributed to Ms. Mathieu’s actions which led to the disciplinary action.
The majority finds justification for termination based solely on Ms. Mathieu’s failure to provide financial reports to the Library Committee, but fails to fully consider mitigating circumstances in determining whether termination is justified. Ms. Mathieu did not dispute that she was asked to prepare the requested financial |2reports, nor that Mr. Query asked her to prioritize the report. However, she stated that everything arising during this time period was a priority. In addition to working on preparing the NOPL budget, Ms. Mathieu testified she was also faced with new responsibilities following Hurricane Katrina, such as work orders from FEMA, processing or administration of grants, and increased volume of invoices to process due to increased spending by the *1269 chief librarians. Thus, Ms. Mathieu was dealing with an increased work load with a decreased staff, all while working within a NOPL system that was dysfunctional.
In my view, Ms. Mathieu did an adequate job in prioritizing her normal work responsibilities, and her new responsibilities resulting from the aftermath of Hurricane Katrina. At the time she was terminated, Ms. Mathieu had been a city employee for almost 25 years, and a library employee for over four years. In her long tenure as a city employee, she had an unblemished work record, and had never been subject to discipline prior to the incidents involved in this matter. Given the chaos and destruction at every level of city government, I find it impossible to properly consider this case without fully considering these mitigating factors when determining whether termination was excessive.
Our courts have taken note of mitigating circumstances when determining whether an appointing authority’s action is arbitrary and capricious. The majority concludes that the mitigating factors are insufficient to justify departure from termination given Ms. Mathieu’s “insubordinate, incompetency and improper conduct.” However, I must point out other cases where the courts have considered the effects of Hurricane Katrina in employment cases. Even first responders, who necessarily have a heightened responsibility in emergency conditions, were able to point to effects of the Hurricane on their job performance. To suggest that Ms. Mathieu, as an office worker, is not entitled to the same consideration, is untenable.
lain Bankston v. Department of Fire, 2009-1016 (La.App. 4 Cir. 11/18/09); 26 So.3d 815, the court of appeal found that a firefighter’s failure to report for duty after receiving notification of an emergency activation due to Hurricane Gustav constituted a real and substantial risk to the fire department. Notwithstanding, the court reduced a 90-day suspension imposed by the Department, and upheld by the Commission, to a 30-day suspension. The court reasoned that the CSC’s decision was arbitrary and excessive when considering the presence of mitigating circumstances (employee’s constant contact with his superiors and state police to determine when the roads would re-open).
In Fascio v. Department of Police, 2008-1127 (La.App. 4 Cir. 4/1/09); 9 So.3d 1029, the Fourth Circuit agreed with the CSC that Officer Fascio should have been disciplined for leaving his post and neglecting his duties during Hurricane Katrina. However, the court reduced a 30-day suspension imposed by the Department, and upheld by the CSC, to a 12-day suspension. The court reasoned that a mechanical punishment scale failed to take into account mitigating circumstances and thus the CSC upholding of the discipline was arbitrary and excessive.
In Hines v. Department of Police, 2006-1218 (La.App. 4 Cir. 12/19/07); 974 So.2d 87, the court of appeal agreed with the CSC that Lieutenant Hines neglected his duties by leaving the city of New Orleans after Hurricane Katrina. Nevertheless, the court reduced a termination imposed by the Department, and upheld by the CSC, to a demotion and a 30-day suspension. The court reasoned that termination was excessive considering the employee’s 23 years of employment with the Department, his unblemished service record and his relatively quick return to the city following his departure.
In each of those cases, the court of appeal determined that the employee’s actions impaired the efficiency of the public service and that disciplinary action was |4warranted. However, the court of appeal *1270 went on to consider whether the disciplinary actions were commensurate with the infraction or whether they were arbitrary and capricious.
Ms. Mathieu’s failure to provide financial reports to the NOPL must be examined in the context in which her inaction occurred. Given Ms. Mathieu’s long employment history with the City of New Orleans, the absence of a prior disciplinary record, the overall dysfunction of NOPL following Hurricane Katrina, particularly the short staff and absence of a Director, I find that termination was an excessive penalty, and not commensurate with the infraction. Contrary to the majority, I find the sanction of termination to be arbitrary and capricious, and I find the court of appeal correctly reduced Ms. Mathieu’s penalty to 90 days suspension.