KNOLL, Justice,
dissenting.
Iiln reversing the Court of Appeal’s judgment, the majority concludes the sanction of termination based on the facts and circumstances of this case was not arbitrary and capricious or characterized by an abuse of discretion. However, in reaching this conclusion, the majority opinion fails to engage in an analysis of whether the penalty was arbitrary and capricious. Rather the majority focuses upon the misconduct, even though the only issue before this Court is whether there was a rational basis for the disciplinary action taken. See Bannister v. Dept. of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
In my view, a proper analysis of the issue would balance the accusations of misconduct against the substantial mitigating circumstances,[1] namely Mrs. Mathieu’s unblemished twenty-five-year employment record with the City of New Orleans and most importantly, the overall operation of the NOPL, including the lack of 12appropriate and necessary staffing, during the post-Hurricane Katrina time period involved, ie., January through June of 2006.
It is important in this case to recall that on the morning of Monday, August 29, 2005, Hurricane Katrina made landfall as a Category 3 storm in southeast Louisiana, triggering the catastrophic failure of some of New Orleans’s levee systems, which flooded close to eighty percent of the city. With flood waters lingering for weeks and the annihilation of coastal cities and parishes, the damages wrought by this storm totaled over eighty-one billion dollars.
Few would dispute the repercussions of this storm, which was one of the deadliest hurricanes in U.S. history claiming 1,836 lives, are still felt in the city today, but were most prevalent in the year following its landfall. Simply put, the city was in turmoil and has not fully recover even with *1271 the passage of five years. I take judicial notice of the wide-spread closure of the city’s court systems, schools, medical institutions, government offices, and businesses, as well as the mandated, city and parish-wide evacuation of its citizens.
Significantly, there is no record evidence to indicate the NOPL was somehow miraculously unaffected by the costliest natural disaster in our nation’s history. Consequently, unlike the majority opinion, which examines the misconduct in a vacuum detached from reality, I find a proper examination of Mrs. Mathieu’s misconduct and the punishment imposed must take into serious consideration this catastrophe and its crippling effects on the city.
Therefore, in my view, the Court of Appeal correctly found the penalty imposed herein is too harsh, arbitrary, and capricious, and termination is not commensurate with the infraction, given the overwhelming mitigating circumstances Ispreventing the return to “business as usual.”[2] For these reasons, I respectfully dissent.

. See Fascio v. Dept. of Police, 08-1127, pp. 4-5 (La.App. 4 Cir. 4/1/09), 9 So.3d 1029, 1032 (reducing thirty-day suspension to twelve days, despite finding officer had neglected duties; noting application of mechanical penalty schedule arbitrarily failed to account for mitigating circumstances); Hines v. Dept. of Police, 06-1218, pp. 12-13 (La.App. 4 Cir. 12/19/07), 974 So.2d 87, 94 (reducing termination to demotion and 30-day suspension, despite finding officer neglected duties, citing employee's twenty-three years of employment, unblemished service record, and relatively quick return after Hurricane Katrina); Deshotel v. Dept. of Police, 07-0363, pp. 5-6 (La.App. 4 Cir. 10/24/07), 970 So.2d 1106, 1109 (affirming reduction of a forty-five day suspension for an officer who left after Hurricane Katrina to obtain medicine for elderly mother); see contra, Shepack v. New Orleans Police Dept., 00-1345, p. 4 (La.App. 4 Cir. 5/16/01), 791 So.2d 733, 736 (holding "[wjhere there is a sufficient basis for the imposition of the disciplinary action, the Civil Service Commission may not substitute its judgment of what the proper penalty should be for the penalty imposed by the appointing authority based on what the Civil Service Commission perceives to be mitigating factors”).

. Notably, the study of recent Fourth Circuit jurisprudence reveals a trend wherein the court has taken into consideration mitigating factors in its review of employee termination cases post-Hurricane Katrina, whereas prior to the storm, the court did not consider mitigation in such reviews. See supra note 1.