JAMES F. MCKAY III, CHIEF JUDGE
1, Officer Lawrence Jones, seeks review of the decision of the Civil Service Commission (“CSC”) denying his appeal and upholding the New Orleans Police Department’s disciplinary action under Rule IX § 1, paragraph 1.1 of the Civil Service Commission for the City of New. Orleans[1], and ordering that the Letter of Reprimand issued by the New. Orleans Police Department (“NOPD”) be amended to remove any reference to a violation of NOPD Policy 1020.5.1[2] For the reasons set forth below we reverse.
FACTS AND PROCEDURAL BACKGROUND
At the time of the action that is the basis for the complaint, Officer Lawrence Jones was employed by the NOPD as a police officer with permanent status. On February 2, 2015, Officer Lawrence Jones (“Officer Jones”) and Officer Michael Smith (“Officer Smith”), while on patrol in the First District, were dispatched to a ^disturbance at 3340 Canal Street. Upon their arrival at the location, the officers were informed that Ms. Dana Earles (“Ms. Earles”), an intoxicated patron, had engaged in a confrontation with another patron. During the confrontation, Ms. Earles broke the other patron’s sunglasses. The officers determined sufficient probable cause to arrest Ms. Earles for public intoxication and simple criminal damage to property. After the arrest, the officers placed Ms, Earles in the rear of the police vehicle for transport to New Orleans Central Lockup for booking. While in the rear of the police vehicle, Ms. Earles made numerous threatening statements to the arresting police officers. She also made allegations that she had been raped on an unknown date by an unknown police officer. In compliance with NOPD Procedure 1020.5.1, the officers notified their supervisor, Sergeant Henry Burke (“Sergeant Burke”), that they had an arrest that required his signature on the arrest affidavit. Sergeant Burke was informed that Ms. Earles had made allegations that she had been raped on an unknown date by an unknown police office.
In the instant matter, an initial investigation allegedly began with Officer Jones receiving a DI-1 FORM (Initiation of a Formal Disciplinary Investigation)[3], informing Office Jones of the formal and written complaints against him. This resulted in the NOPD Public Integrity Bureau (“PIB”) launching an investigation *881 against Officer Jones for allegedly violating Rule 4, Performance of Duty, Paragraph 4, Neglect of Duty to wit, NOPD Procedure 1020,5.1, Initial Employee | n(non-supervisory) Responsibilities. This pre-disciplinary investigation was conducted by Sergeant Kimberly Hunt (“Sergeant Hunt”). On October 8, 2015, a disciplinary hearing was conducted by Commander Otha Sandifer (“Commander Sandifer”). After reviewing the administrative investigative report, Commander Sandifer determined that Officer Jones was in violation of the NOPD Operations Manual, specifically, Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty, to wit NOPD Procedure 1020.5.1, (( Initial Employee (Non-Supervisory) Responsibilities)) and Rule IX, § 1., paragraph 1.1 of the Rules of Civil Service Commission for the City of New Orleans. Commander Sandifer recommended that a Letter of Reprimand be issued to Officer Jones as a penalty for the violations. This disposition and penalty was sustained and signed by the Superintendent of Police Michael Harrison, thereby finalizing the disciplinary action. On November 30, 2015, a disciplinary letter reflecting the same was issued to Officer Jones. Officer Jones timely filed for an administrative appeal from this disciplinary action.
On March 15, 2016, an appeal hearing was held before Hearing Officer Victor Papai, who after reviewing Officer Jones’s appeal request, wrote a report recommending that Officer Jones’s appeal be granted and the discipline be reversed because Officer Jones did what he was required to do under the NOPD Rules. Pursuant to the recommendation, Officer Jones was essentially exonerated as the NOPD failed to meet their burden of proof to establish legal cause for disciplinary action.
| ¿Thereafter, on August 18, 2016, the CSC did not follow the recommendation of the hearing officer and issued a final decision denying Officer Jones’s appeal. In that decision the CSC found that the NOPD (Appointing Authority) had failed to meet its burden of proof with regard to the alleged violation of NOPD Procedure 1020,5.1. Despite this finding the CSC ordered the NOPD to remove all references to Rule 4, Paragraph 4, to wit, NOPD Procedure 1020 5.1, and reissue a letter of reprimand to Officer Jones, pursuant to CSC Rule IX § paragraph 1.1, finding that “[Officer Jones] failed to perform a function it was his duty to perform. Namely, reporting any sexual assault directly to the sex crimes/sexual assault unit.” The CSC found that: (1) that the violation had an adverse impact on the efficient operation of the NOPD, and (2) that the discipline (Letter of Reprimand) was commensurate with the offense, which is the basis of this appeal.
ASSIGNMENTS OF ERROR
Based upon the CSC’s ruling, the appellant raises three assignments of error: The appellant asserts that the CSC erred by ordering the NOPD to take disciplinary action against Officer Jones for a new alleged violation after finding the NOPD failed to meet its burden of proof regarding the alleged violation described in the disciplinary letter issued to Officer Jones; by ordering the NOPD to take disciplinary action against Officer Jones without proper notice and due process; and, by ordering the NOPD to take disciplinary action against Officer Jones which is not authorized by Civil Service Rules.
^STANDARD OF REVIEW
In Honore’ v. Dept. of Public Works, 14-0986, (La. App. 4 Cir. 10/29/15), 178 So.3d 1120, this Court summarized the standard of review applicable to decisions of the CSC as follows:
*882 The Louisiana Constitution Article 10, § 8 provides in pertinent part, “No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing.” See Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La. 1984). A civil service employee subjected to disciplinary action by his or her appointing authority has the right of appeal to the Civil Service Commission. La. Const. Art. 10, §§ 8, 12; See, e.g., Adams v. Dept. of Police, 08-0468, p. 2 (La. App. 4 Cir. 2/12/09), 7 So.3d 763, 765. On appeal to the Commission, the Appointing Authority must prove by a preponderance of the evidence good or lawful cause for taking disciplinary action. See, e.g., Cure v. Dept. of Police, 07-0166, p. 2 (La. App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094. Good or lawful cause for disciplinary action exists if the employee’s conduct impairs the efficient operation of the public service in which the employee is engaged. Bell v. Dept. of Police, 13-1529, p. 5 (La. App. 4 Cir. 5/21/14), 141 So.3d 871, 874 (quoting Pope v. New Orleans Police Dep’t., 04-1888, p. 6 (La. App. 4 Cir. 4/20/05), 903 So.2d 1, 5). Thus, the Appointing Authority has the burden to prove, by a preponderance of evidence, that the act or infraction occurred and that such act or infraction bore a real and substantial relationship to the operation of the public service. Cure, 07-0166, p. 2, 964 So.2d at 1094.
The Commission must then determine independently from the facts presented whether the legal cause for disciplinary action has been established and, if so, whether that disciplinary action is commensurate with the employee’s detrimental conduct. See Bell, 13-1529, p. 5, 141 So.3d at 874-75. The Commission has the duty and authority to affirm, reverse, or modify the action taken by the Appointing Authority. Clark v. Dept. of Police, 12-1274, p. 4 (La. App. 4 Cir. 2/20/13), 155 So.3d 531, 534.
The final decision of the Commission is subject to review on any question of law or fact upon appeal to the court of appeal. La. Const. Art. 10, § 12; Cure, 07-0166, p. 2, 964 So.2d at 1094. The appellate court reviews the Commission’s findings of fact under a clearly wrong or manifest error standard of review. Cure, 07-0166, p. 2, 964 So.2d at 1094. In reviewing the Commission’s determinations of whether legal cause existed and whether the discipline is commensurate with the infraction, the appellate court should not modify or reverse the Commission’s decision unless it is arbitrary, capricious, or characterized by an abuse of discretion. Clark, 12-1274, p. 5, 155 So.3d at 535; Ellis v. Dept. of Police, 10-0048, p. 6 (La. App. 4 Cir. 5/12/10), 38 So.3d 1148, 1152; Bannister v. Dept. of Streets, 95-0404, p. 8 (La. 1/16/96), 666 So.2d 641, 647. A decision is arbitrary and capricious if there is no rational basis for the action taken. Clark, 12-1274, p. 5, 155 So.3d at 535 (citing Cure, 07-0166, p. 2, 964 So.2d at 1095). Applying this standard, the appellate court must review two parts of the Commission’s decision: (1) whether the Appointing Authority established good, legal cause for taking disciplinary action; and, if so, (2) whether the punishment imposed is commensurate with the offense. Hills v. New Orleans City Council, 98-1101, p. 6 (La. App. 4 Cir. 12/9/98), 725 So.2d 55, 58.
Honore’, 14-0986, pp. 8-9, 178 So.3d at 1126-1127.
LAW AND ANALYSIS
In the instant case, Officer Jones asserts that the CSC was without the authority to *883 order the NOPD to rescind the NOPD’s letter of reprimand to Officer Jones and instead ordered that a new letter reprimand be issued to Officer Jones under a CSC rule to wit, CSC Rule IX § 1.1. Officer Jones argues that this new reprimand was arbitrary and capricious and deprived him of his constitutional due process as he was never provided with any written notice to facilitate his defense for this new disciplinary action.
The specific NOPD rule that Officer Jones’ November 30, 2015 disciplinary letter was based upon is NOPD Rule 4, Performance of Duty, Paragraph 4, Neglect of duty, to wit, NOPD Policy 1020.5.1. This rule required that Officer Jones report the allegation of misconduct by a fellow NOPD officer to his supervisor, Sergeant Burke or directly to the Public Integrity Bureau for further review and ^investigation. On its face, this clearly removes the duty of a non-supervisory NOPD officer the responsibility of reporting the alleged misconduct to anyone but his or her supervisor. It is then duty of the supervisor to notify the PIB. Once Officer Jones reported the allegations against a fellow police officer to Sergeant Burke, the responsibility for further investigation of the alleged misconduct shifted to Sergeant Burke. Officer Jones successfully met the requirement to report pursuant to NOPD policy 1020. 5.1. We further note that NOPD Policy 1020.5.2 (f) states that a supervisor must “notify PIB immediately, before taking any other action, if the nature of the misconduct involves criminal activity.” Inexplicably, the NOPD asserts that there is nothing in the rule that precluded Office Jones from reporting the allegation to the sex crimes unit.
During an exchange between Officer Jones’ attorney and the PIB investigator Sergeant Kimberly Hunt, it was proven that Officer Jones was in compliance with NOPD Policy, specifically Policy Rule 1020.5.1.
Question: So your investigation found that the only person [Officer Jones] reported [the allegation of Officer Misconduct] to was Sergeant Burke when they met?
Answer: That’s correct.
The NOPD basically argued that had Officer Jones reported the alleged incident to the PIB, a specialized unit from the sexual assault unit that specializes in such investigations, the sexual assault unit could have become involved and made a determination if there was in fact a sexual assault by an NOPD officer. The CSC determined that Officer’s Jones’ failure to notify the PIB/sex crimes unit |8of the allegation of an alleged sex crime impacted the effectiveness and efficiency of this specialized unit. The CSC concluded that the fact that Officer Jones notified his supervisor did not excuse him from performing his duty.
Astonishingly, in their decision, the CSC found that the NOPD failed to meet its burden of proof sufficient to establish that Officer Jones had violated his duty as a police officer pursuant to Rule 4, Performance of Duty, Paragraph 4, Neglect of Duty to wit, NOPD Policy 1020.5.1., (Initial Employee (non-supervisory) Responsibilities), by ordering that any reference to it be removed from the letter of reprimand, yet, simultaneously ordered a issuance of a new written reprimand with a more appropriate correctional action pursuant to CSC Rule IX § 1. paragraph 1.1.
The CSC in its conclusion said:
As a result of the above findings of fact and law, the Commission hereby DENIES the Appellant’s appeal. However, NOPD shall rescind the written reprimand in evidence as Hearing Examiner Exhibit 1 and reissue a reprimand consistent with this Order and without any reference to an allegation *884 that the Appellant failed to adhere to RULE 4, Paragraph 4 of the NOPD’s Operations Manual.
-.At this point, after concluding that the NOPD, failed to meet their burden of proof against Office Jones pursuant to NOPD Policy 1020.5.1, Officer Jones essentially won his appeal against the NOPD disciplinary action. By finding that the NOPD had failed in its burden of proof they ostensibly found that the NOPD could not establish legal cause for the disciplinary action. This finding warranted a simple granting of Office Jones’ appeal. Nevertheless, the CSC proceeded to enforce another disciplinary action against Officer Jones’ via Civil Servicé Rule IX, § 1, paragraph 1.1.
19These two CSC decisions are fundamentally adverse. First the CSC found that the NOPD failed'to meet its burden of proof pursuant to NOPD Policy 1020.5.1, which should have ended the appeal. Then they misinterpret the rulé as written. Nowhere, in NOPD Policy 1020.5.1 does it require or place onus upon Officer Jones to go any further with his reporting the allegation of rape by an unknown police officer to his supervisor, Sergeant Burke; which he did. Commander Sandifer reviewed the rule and agreed that it did not require that PIB crimes unit to be notified but that Officer Jones should have notified PIB and/or followed up on the investigation. Commander Sandifer’s opinion or interpretation of the rule is of no moment and in fact just an opinion without legal basis.
In Pope v. New Orleans Police Department, 2004-1888, pp. 5-6, (La. App. 4 Cir. 4/20/05), 903 So.2d 1, 4, this Court found that:
The Commission has the authority to “hear and decide” disciplinary cases, which include the authority to modify (reduce) as well as reverse or affirm a penalty. La. Const. art X § 12; Brani-ghan v. Department of Police, 362 So.2d 1221 (La. App. 4 Cir. 1978). However, the authority to reduce a penalty can only be exercised if there is sufficient cause for imposing the greater penalty. Branighan, 362 So.2d at 1222. Thus, in the instant case unless the Commission determined that there was insufficient cause for the appointing authority to impose the discipline, the penalty must stand.
Pope, 2004-1888, at pp.5-6, 903 So.2d at 4
The CSC found that pursuant to CSC Rule IX, § 1.1, the NOPD did prove that Officer Jones’ failure to report the alleged sexual assault to the PIB was a failure to perform a function that was his duty to perform and consequently had an adverse impact on the efficient operation of the appointing authority. Clearly, based on Pope, the CSC’s decision to order the NOPD to reissue a hew letter of discipline to Office Jones with CSC Rule IX, § 1, paragraph 1.1,, as the justification to enforce some sort of disciplinary action against Officer Jones, was a usurpation Imof the authority of the Appointing Authority (NOPD) to discipline its own members.
The purpose of the initial disciplinary letter is “to inform the employee of the charges against him in detail, and restrict the commission hearing those charges”. While we do not have in evidence the initial DI-I letter we do have a copy of the transcript of the appeal hearing. At' the hearing in this matter, it was proven that Officer Jones' was in full compliance with the regulations cited’in the NOPD’s disciplinary' letter. At both the appeal hearing and in the CSC decision, Officer Jones was found to bé compliant. This is demonstrated by the fact that .the hearing officer, Victor Papai, and the CSC both found that the NOPD failed to meet their burden of proof with regard to Rule 4, Performance of Duty, Paragraph 4, Neglect of Duty to *885 wit, NOPD Policy 1020.5.1., ((Initial Employee (non-supervisory) Responsibilities.
The CSC relied on Commander Sandi-fer’s opinion and his interpretation of Rule 1020 .5.1., instead of the recommendation of Hearing Officer Victor Papai, and the actual rule as written. There is no rational basis for CSC’s decision to order a new letter of reprimand removing any reference that Officer Jones failed to adhere to Rule 4, Paragraph 4 of the NOPD’s Operational Manual. The CSC decision and order leaves Officer Jones without an explanation for his alleged dereliction or legal cause for the discipline. This was a clear abuse of discretion and exceeded the CSC’s authority.
CONCLUSION
Based on the above and foregoing, we find the CSC was arbitrary and capricious in denying Officer Jones’ appeal and instructing that a new letter of reprimand be issued. Accordingly, we reverse the decision of the CSC and order |nthat all letters of reprimand issued in case be removed from Officer Jones’ record.
REVERSED

. Civil Service Rule IX§ 1, paragraphl.l states in pertinent part that, ”[w]hen an employee is in the classified service.... has omitted to perform any act it was his/her duty to perform, ... the authority shall take action warranted by the circumstances to maintain the standards of effective service,”

. NOPD Policy 1020.5,1., states in pertinent part that: "[a]ny Department employee who observes or becomes aware of any act of misconduct by another employee must report the incident to a supervisor or directly to PIB for review and investigation," ...”

.The DI-I FORM is not in the record before us. Therefore, any issues on appeal concerning notification will not be addressed in this opinion.