**EDDIE WILLIAMS, JR.**

**VERSUS**

**SEWERAGE & WATER BOARD**

\*     **NO. 2021-CA-0020**

\*

    **COURT OF APPEAL**

\*

    **FOURTH CIRCUIT**

\*

    **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9097

**\* \* \* \* \* \***
**JUDGE SANDRA CABRINA JENKINS**
**\* \* \* \* \* \***

(Court composed of Chief Judge Terri F. Love, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)


Mr. Eddie Williams, Jr.
11679 Pressburg Street
New Orleans, LA 70128

    PRO SE PLAINTIFF/APPELLANT


Ashley Ian Smith
Darryl Harrison
SEWERAGE & WATER BOARD OF NEW ORLEANS
Room 201
625 St. Joseph Street
New Orleans, LA 70165

    COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**
**JANUARY 5, 2022**

*SCJ*
*TFL*
*DLD*

Eddie Williams, a management development supervisor at the Sewerage and Water Board of New Orleans ("SWB") appeals the Civil Service Commission's (the "Commission") decision denying the appeal of his letter of reprimand. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2019, Mr. Williams began sending offensive emails to his co-workers, supervisors, and members of the SWB. As a result, Mr. Williams was instructed to attend a counseling session with the department manager, Robert Turner. On September 30, 2019, Mr. Williams attended the counseling session. Additionally present at the counseling session was Mr. Williams' immediate supervisor, Chief of Networks Administration, Fred Tharp. Mr. Williams requested to record the counseling session on his phone, and his request was denied. Thereafter, Mr. Williams refused to participate in the counseling session.

On October 7, 2019, Mr. Williams received a notice of intent to recommend a letter of reprimand from Mr. Turner. On October 9, 2019, Mr. Williams received a letter of reprimand for "refusing to carry out any reasonable instructions given by a supervisor and which do not jeopardize the employee's safety or are illegal activities" in violation of the SWB's policies.

Mr. Williams timely appealed the letter of reprimand. On December 4, 2019, a Civil Service hearing took place before Hearing Examiner Christina Carroll. At the hearing, Mr. Williams testified that he knew his emails were offensive. He also testified that he refused to participate in the counseling session. The hearing examiner provided the Commission with an advisory report dated May 6, 2020. The hearing examiner recommended that Mr. Williams' appeal be denied, finding that the SWB had cause to issue a written reprimand due to Mr. Williams' insubordination.

On October 27, 2020, the Commission issued its decision denying Mr. Williams' appeal. Mr. Williams now appeals the Commission's decision.

**DISCUSSION**

Mr. Williams' *pro se* brief designates six issues for review and/or assignments of error. However, the alleged errors are vague and unclear. The first two assignments of error relate to the admission of Mr. Williams' emails into evidence. The third and fourth assignments of error, respectively, relate to accuracy of the facts section of the hearing examiner's report, and the SWB failure to demonstrate the falsity of Mr. Williams' emails. In the final two assignments of error, Mr. Williams asserts he should have been granted permission to record the

counseling session, and the hearing examiner erred in not recusing herself. Mr. Williams failed to brief majority of his assignments of error. Pursuant to Rule 2-12.4 of the Uniform Rules, Courts of Appeal, all assignments of error and issues for review must be briefed, and the court may consider as abandoned any assignment of error or issue for review, which has not been briefed.

Despite this noncompliance, this court has considered briefs in improper form when filed by a *pro se* party. *See Doane v. Omni Royal Orleans Hotel*, 2016-0144, p. 4 (La. App. 4 Cir. 10/26/16), 204 So.3d 615, 618. Accordingly, in light of Mr. Williams' *pro se* status, we consider the merits of his appeal. In his brief, Mr. Williams argues that the hearing examiner's report erroneously states that Mr. Williams' September 26, 2019 email to his superiors included a statement that his supervisor was "lying through her teeth." Mr. Williams contends that the email was in reference to Shena Walker, who is not his supervisor. Mr. Williams further argues that the decision of the Commission should be reversed.

***Standard of Review***

An employee subjected to disciplinary action by his or her appointing authority has the right to appeal to the Commission. *Honore' v. Dept. of Public Works*, 2014-0986, p. 8 (La. App. 4 Cir. 10/29/15), 178 So.3d 1120, 1126 (citing La. Const. Art. 10 §§ 8, 12). On appeal, the appointing authority must prove by a preponderance of the evidence good or legal cause for taking disciplinary action. *Honore'*, 2014-0986, p. 8, 178 So.3d at 1126-27. The Commission "has the authority to 'hear and decide' disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty." *Cornelius v. Dep't of Police*, 2007-1257, p. 6 (La. App. 4 Cir. 3/19/08), 981 So.2d 720, 724 (citing La. Const. Art. 10, § 12; *Fihlman v. New Orleans Police Department*, 2000–2360

(La.App. 4 Cir. 10/31/01), 797 So.2d 783). The legal basis for any modification in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. "The protection of civil service employees is only against firing (or other discipline) without cause." *Cornelius*, 2007-1257, p. 6, 981 So.2d at 724 (citing *Fihlman,* 2000–2360, p. 5, 797 So.2d at 787).

The Commission must decide independently from the facts presented whether the appointing authority had legal cause for taking the disciplinary action, and if so, whether the punishment imposed is commensurate with the dereliction. *Milton v. Dept. of Public Works*, 2016-0625, p. 10 (La. App. 4 Cir. 3/22/17), 216 So.3d 825, 831.

An appellate court reviews a Commission's findings of fact by applying manifest error standard of review. *Milton*, 2016-0625, p. 10, 216 So.3d at 831(citing *Adams v. Department of Police*, 2008-0468, p. 3 (La. App. 4 Cir. 2/12/09), 7 So.3d 763, 765). In determining whether the disciplinary action was based on good cause and whether the punishment imposed is commensurate with the dereliction, an appellate court should not modify the Commission's decision unless it is arbitrary, capricious, or characterized by an abuse of discretion. *Patin v. Dept. of Police*, 2012-1693, p. 2 (La. App. 4 Cir. 6/26/13), 159 So.3d 476, 478 (citing *Cure v. Dept. of Police,* 2007–0166, p. 2 (La. App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094). A decision is "arbitrary or capricious" when there is an absence of a rational basis for the action taken. *Milton*, 2016-0625, p. 10, 216 So.3d at 831.

### Good Cause for Discipline

It is undisputed that Mr. Williams sent offensive emails to his co-workers, supervisors, and members of the SWB. As a result of the emails, Mr. Williams was instructed to attend a counseling session for his behavior. It is also undisputed that

4

Mr. Williams refused to participate in the counseling session after he was advised that he could not make an audio recording of the session. Mr. Williams was further advised that his failure to participate in the session would result in disciplinary actions taken against him.

At the December 4, 2019, Mr. Turner testified that he received complaints of Mr. Williams' disruptive emails.

> MR. ZANETTI [for the SWB]: How did you become involved with Mr. Williams?
>
> MR. TURNER: It was—we had a situation where Mr. Williams was emailing a lot of emails to many of the people within our organization up to the top leadership and people outside of the organization that were causing some problems from just a general supervisory position as well as a disruption to normal operation within the board . . .
>
>     *   *   *
>
> MR. ZANETTI: What do you recognize that as?
>
> MR. TURNER: These are just samples of the emails that Mr. Williams was sending around to (sic) including Shena Walker, Mr. Tharp, Ms. Hudson, Ghassan Korban who is the executive director, and myself.

Mr. Turner also testified that the SWB's internet usage policy prohibits offensive and disruptive information, including character slurs, rude or hostile references, profanity, and vulgarity. Mr. Turner further testified that Mr. Williams left the counseling session prior to its completion.

> MR. ZANETTI: And why is this disruptive to [the SWB's] activities? Why would insubordination of an employee leaving a meeting against supervisor['s] authority be considered insubordinate?
>
> MR. TURNER: Well I think [its] kind of the definition of insubordination. I'm giving you -- once you're given a directive you are expected to carry this directive out and failure to do that in my opinion is insubordination.
>
>     *   *   *

MR. ZANETTI: . . . Based on that action is that why he's receiving (sic) the letter of reprimand?

MR. TURNER: He is receiving (sic) a letter of reprimand for that action and also for the continued sending of inflammatory and disruptive emails.

MR. ZANETTI: And had he not sent the inflammatory, disruptive, and offensive emails would he have only gotten a verbal counseling?

MR. TURNER: Yes. Well he would have only gotten a verbal counseling except for the fact that he got up and left the meeting and then refused to attend a subsequent meeting.

Further, at the hearing, Mr. Williams admitted that he was aware his emails were offensive, and was aware that he would be subjected to discipline if he left the counseling session.

HEARING EXAMINER: . . . So had anybody ever told you before that they thought your emails were offensive or inflammatory?

MR. WILLIAMS: Of course.

* * *

HEARING EXAMINER: And they told you if you left you would be subject to discipline?

MR. WILLIAMS: I said I'd gladly take whatever disciplinary action that they would heap on me rather than take whatever they gonna (sic) say while I'm not in the meeting and let that be official. They may say I turned the tables over and dumped coffee in their laps. They could say anything.

HEARING EXAMINER: And so why do you feel that the discipline for leaving the meeting is not for cause?

MR. WILLIAMS: For cause? Well first of all I don't think that a person should allow himself to be entrapped. I don't think the law should force a person to allow himself to go into a situation where he feels he's being entrapped.

In *Shepack v. New Orleans Police Dep't*, 2000-1345, p. 1 (La. App. 4 Cir. 5/16/01), 791 So.2d 733, 734, a police officer was issued a letter of reprimand for violating departmental rules by performing a traffic stop while off duty in a private

vehicle, when there was no felony in progress. Subsequent to the letter of reprimand, the police officer received an increased penalty of a three-day suspension. The police officer appealed, and the Commission affirmed the penalty. *Id*.

The police officer argued that the penalty was excessive. This Court noted "[w]here there is a sufficient basis for the imposition of the disciplinary action, the Civil Service Commission may not substitute its judgment of what the proper penalty should be for the penalty imposed by the appointing authority based on what the Civil Service Commission perceives to be mitigating factors." *Shepack*, 2000-1345, p. 4, 791 So.2d at 736 (citing *Palmer v. Dep't of Police,* 97–1593 (La. App. 4 Cir. 1/28/98), 706 So.2d 658). The Court further noted the officer's contentions that the Commission acted arbitrary and capricious by sustaining the decision to supersede the letter of reprimand with a three-day suspension, and that the Commission should have substituted the penalty. The Court noted that the officer cited no cases to support any of his contentions. The Court found it was not error for the Commission to sustain the penalty imposed by the appointing authority. *Id.*, at p. 4, 791 So.2d at 736.

The circumstances in this matter are similar to *Shepack*. Mr. Williams was disciplined for violating departmental policies and received a letter of reprimand. We note, while the officer in *Shepack* disciplinary action was increased from a letter of reprimand to a three-day suspension, the *Shepack* court found that there was no error in the penalty imposed for violating departmental polices. Similar to *Shepack*, Mr. Williams has not cited any legal authority to support his arguments.

Accordingly, we do not find that the Commission was arbitrary or capricious in finding that Mr. Williams' refusal to participate in the counseling session established legal cause for the SWB to issue Mr. Williams a written reprimand.

***Was the letter of reprimand commensurate of the offense?***

We now turn to the disciplinary action taken. Mr. Williams argues that the Commission's denial of his appeal should be reversed. We disagree.

The Commission allows for one of several disciplinary actions to be taken, including a letter of reprimand. The disciplinary action against Mr. Williams is consistent with Rule IX, Section 1.1 of the Rules of the Commission for the City of New Orleans, which provides:

> When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following:
>
> (g) letters of reprimand as defined in Rule I.

*See* Rule IX, Section 1.1 of the Rules of the Commission for the City of New Orleans.

In upholding the letter of reprimand, the Commission noted that at all times relevant to the appeal, Mr. Williams had permanent status as a classified employee. Further, the Commission adopted the reasons set forth from the hearing examiner's report.

> Mr. Williams' admitted refusal to attend a verbal counseling session was insubordinate, and the Sewerage & Water Board had cause to issue Mr. Williams a written reprimand. Insubordination disrupts efficient operation of the Sewerage & Water Board.

Upon review of the record, we find the Commission's decision to uphold Mr. Williams' letter of reprimand is rationally based on the facts established in the record. The record reflects that Mr. Williams sent offensive emails to employees of the SWB. Mr. Williams was instructed to attend a verbal counseling session for his offensive emails. Consequently, Mr. Williams was warned that his refusal to participate would result in a disciplinary action, and he failed to adhere to the warning. In light of these circumstances, we do not find that the Commission erred in denying Mr. Williams' appeal.

**CONCLUSION**

For the foregoing reasons, we affirm the Commission's denial of Mr. Williams' appeal.

**AFFIRMED**